IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

| | |
|---|---|
| GEORGE ANIBOWEI,<br><br>    Plaintiff,<br><br>v.<br><br>LORETTA LYNCH, Attorney General of the United States, in her official capacity, *et al.*,<br><br>    Defendants. | Civil Action No. 3:16-CV-3495-D |

## JOINT SCHEDULING PROPOSAL

After conferring in person, the parties submit the following joint scheduling proposal per the Court's March 13, 2017 order:

1. <u>Proposed Deadlines</u>.

    (a)  Deadline to join other parties:  July 17, 2017

    (b)  Deadline to amend pleadings:  July 17, 2017

    (c)  Deadline to file motions, including for summary judgment or other dispositive motions:  March 23, 2018

    (d)  Deadline to complete discovery:  March 23, 2018 (and see below under item #2 concerning the timing of discovery in relation to Defendants' motion to dismiss)

    (e)  Expert deadlines:  A party with the burden of proof on a claim or defense must designate expert witnesses and otherwise comply with the Rule 26(a)(2) disclosure requirements no later than January 8, 2018, with any rebuttal designations/disclosures due no later than February 8, 2018.

2.  Views on the matters listed in Rule 26(f)(3)(A)-(F).

Regarding discovery generally, this case presents certain legal issues concerning the scope of the government's authority to search electronic devices carried by U.S. citizen travelers re-entering the country at the border.  Plaintiff is a U.S. citizen who had his cell phone searched and contents copied at the border and who has also been subjected to "secondary inspection" by border officials on a number of occasions when returning to the country.  Plaintiff seeks declaratory and injunctive relief regarding the government's search authority with respect to cell phones at the border.

Defendants, who are various federal agency heads or officials sued in their official capacity, previously filed a motion to dismiss the original complaint, which among other things asserted that jurisdiction is lacking and that Plaintiff fails to state any claim upon which relief can be granted.  Plaintiff then filed a first amended complaint which rendered moot the motion to dismiss, but Defendants intend to file a renewed motion directed at the first amended complaint making similar arguments under Rule 12(b)(1) and (6).

Insofar as the parties' briefing in connection with the motion to dismiss will address a number of discrete legal issues concerning, *inter alia*, the ability of Plaintiff to maintain this suit and concerning the government's border-search authority generally, which issues could potentially be case dispositive, the parties believe it would make sense to obtain a ruling on these issues before engaging in additional litigation, discovery, and/or motion practice.  With that in mind the parties propose postponing any discovery until after the Court has ruled on the motion to dismiss.

(A)  Timing of Rule 26(a) disclosures:  The parties agree that, if the first amended complaint is not dismissed, the parties will exchange initial disclosures within 14 days of the ruling on Defendant's motion to dismiss.

(B)  Subjects/timing of discovery:  In addition to the above statement about postponing discovery pending the motion to dismiss, if the first amended complaint is not dismissed then the parties anticipate discovery on, *inter alia*, Plaintiff's claims that the Fourth and First Amendments were violated by the search of his cell phone.

(C)  ESI issues:  Parties must preserve any and all relevant electronically stored information pending disposition of this lawsuit.

(D)  Privilege issues:  None at this time.

(E)  Changes to be made to discovery:  Other than as already set forth above, none

at this time.

(F)  Any other orders:  None at this time.

3.  <u>Referral to a Magistrate Judge</u>.  The parties have not agreed to refer the case to a Magistrate Judge under 28 U.S.C. § 636(c).

4.  <u>Alternative Dispute Resolution</u>.  The parties do not believe that ADR would be fruitful at this time.  There is no claim for monetary damages in the case.

5.  <u>Local counsel requirements</u>.  Not applicable.

6.  <u>Certificate of interested persons</u>.  Plaintiff filed a certificate of interested persons on December 23, 2016.  (*See* Doc. 2.)  Defendants filed a certificate of interested persons on March 6, 2017.  (*See* Doc. 6.)

Other Matters

Other than what has been set forth above, none at this time.

Respectfully submitted,

| | |
|---|---|
| By: /s/George Anibowei | JOHN R. PARKER |
| George Anibowei | United States Attorney |
| Texas Bar No. 24036142 | |
| The Law Office of George Anibowei, P.C. | /s/ Brian W. Stoltz |
| 6060 N. Central Expressway, Ste. 560 | Brian W. Stoltz |
| Dallas, Texas 75206 | Assistant United States Attorney |
| Telephone No: (214) 800-3463 | Texas Bar No. 24060668 |
| Facsimile No: (214) 800-3464 | 1100 Commerce Street, Third Floor |
| Email: ganibowe@yahoo.com | Dallas, Texas 75242-1699 |
| | Telephone:   214-659-8626 |
| **ATTORNEY FOR PLAINTIFF,** | Facsimile:    214-659-8807 |
| **GEORGE ANIBOWEI** | brian.stoltz@usdoj.gov |
| | Attorneys for Defendants |

Certificate of Service

On April 10, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney