IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| GEORGE ANIBOWEI, | |
| Plaintiff, | |
| v. | Civil Action No. 3:16-CV-3495-D |
| JEFFERSON B. SESSIONS, *et al.*, | |
| Defendants. | |

**REPLY IN SUPPORT OF DEFENDANTS' OBJECTIONS
TO THE MAGISTRATE JUDGE'S FINDINGS,
CONCLUSIONS, AND RECOMMENDATION**

As discussed in the defendants' objections (Doc. 20) to the Magistrate Judge's Recommendation (Doc. 19), the Court should dismiss all claims in this case against all defendants on either of two grounds: first, because plaintiff George Anibowei lacks standing, and second, because Anibowei fails to state any claim under the Fourth and First Amendments. In addition, dismissal would also be appropriate as to the five defendants whose agencies are not alleged to have had any involvement in the search of Anibowei's cell phone, due to the absence of any connection between them and the case.

Anibowei, in response to the defendants' objections, argues that he has established standing and that the five uninvolved defendants should remain in the case. (*See* Doc. 21.) But he does not address the defendants' argument that his complaint fails to state any Fourth or First Amendment claim. Nor does he offer any rebuttal to the defendants' explanation that it was error for the Recommendation not to have addressed this failure-

to-state-a-claim argument.

As discussed below, Anibowei's arguments about standing and the five uninvolved defendants are not well taken, and the Court should sustain the defendants' objections and grant the defendants' motion on both points. The Court should also grant the defendants' motion on the basis of the Rule 12(b)(6) arguments that went unaddressed in the Recommendation and in Anibowei's response to the defendants' objections. Under any of these alternatives, this case should be dismissed.

## I.  Argument and Authorities

**A.  Anibowei has not established standing because his alleged injury is not redressable in this action.**

When Anibowei initially responded to the defendants' motion to dismiss for lack of standing, he argued that because he was subjected to a second border inspection after he filed this suit (albeit without having the contents of his cell phone copied), there was a sufficient risk of repeated injury in the future to establish standing. (*See* Doc. 17 at 8 (citing paragraph 38 of the first amended complaint, which detailed this second inspection (Doc. 8, ¶ 38)).) Anibowei no longer advances this argument, but instead now relies on the Recommendation's rationale that standing is established by virtue of a claimed injury associated with the retention of information from his cell phone.[1] (*See* Doc. 21 at 12–14, 15–17.)

But as the defendants have already noted, the redressability component of the

---

[1] The same basic rationale has been offered with respect to both the constitutional and prudential standing requirements, so the defendants will not differentiate between these two doctrines here.

standing analysis is a bar to Anibowei's ability to establish standing on this basis. (*See* Doc. 20 at 13–14.) Anibowei and the caselaw that he cites (including most prominently the *Janfeshan* decision[2] that the Recommendation relied on) simply assume that a favorable ruling for Anibowei in this case would result in an order requiring the government to "return or destroy" any data from Anibowei's cell phone. (Doc. 21 at 10.) This is a faulty assumption, though. As explained in the defendants' objections, even if it were held that the border search of person's cell phone was somehow improper, that does not mean that the government necessarily would be precluded from using evidence obtained from the phone under any and all circumstances, so as to justify ordering the government to destroy or return any such evidence. (*See* Doc. 20 at 13–14.) Instead, the Supreme Court has made clear that suppression or exclusion of evidence is *not* a necessary consequence of an alleged Fourth Amendment violation—the same evidence might be suppressed in one setting (like a criminal trial) but nonetheless it would remain available to the government in other settings. *See Herring v. United States*, 555 U.S. 135, 141–42 (2009). Accordingly, there is no basis for a person to obtain declaratory or injunctive relief that would have the effect of prohibiting the government from using such evidence in any and all future proceedings, when that same relief would not be available in such proceedings.

      Put another way, assume that a person wanted to object to the use of evidence seized in the border search of a cell phone during the course of some matter (like certain

---

[2] *See Janfeshan v. U.S. Customs & Border Protection*, No. 16-CV-6915, 2017 WL 3972461 (E.D.N.Y. Aug. 21, 2017).

**Reply in Support of Defendants' Objections to the Magistrate Judge's**
**Findings, Conclusions, and Recommendation – Page 3**

civil or grand-jury proceedings) in which suppression is not an available remedy. It would allow for an end-run around the Supreme Court's limitations on the suppression doctrine if the person could simply secure the same relief by commencing a separate civil action for declaratory or injunctive relief to compel the government to destroy the evidence at issue. Because Anibowei's suit seeks relief of this nature that is not available to him (i.e., he cannot satisfy the redressability element), principles of constitutional and prudential standing dictate that it may not proceed.

B. **Anibowei does not offer any rebuttal to the defendants' argument that no Fourth or First Amendment claim has been stated.**

The defendants explained in their objections that the Recommendation erred by not considering the defendants' Rule 12(b)(6) argument that Anibowei failed to state any claim under the Fourth and First Amendments. (Doc. 20 at 7–9, 17.) Anibowei's response does not defend the Recommendation's treatment of this issue, nor does it offer any rebuttal to the defendants' arguments that no Fourth and First Amendment claims have been stated. For the reasons previously given by the defendants (*see* Doc. 20 at 17–23), the Court should sustain their objection on this point and dismiss both claims under Rule 12(b)(6).

C. **Anibowei fails to show that the five uninvolved defendants should remain in the case.**

Anibowei argues that dismissal of the five defendants whose agencies are not alleged to have had any involvement in the case[3] is "premature" because Anibowei

---

[3] These defendants are the Attorney General and the heads of the FBI, FBI Terrorist Screening Center, Transportation Security Administration, and National Counterterrorism Center.

purportedly has "every reason to believe that the information from his cell phone has been disclosed or disseminated to other agencies." (Doc. 21 at 17.) According to Anibowei, the defendants "have not denied this claim or disputed Plaintiff's allegations." (Doc. 21 at 17.) But Anibowei is attempting to turn the proper Rule 12(b)(6) analysis on its head. It was Anibowei's burden, as the plaintiff, to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Anibowei failed to plead any such factual content showing any involvement by five of the defendants' agencies (the Department of Justice, FBI, FBI Terrorist Screening Center, Transportation Security Administration, and National Counterterrorism Center) in the matters at issue in this case, and his speculation in a subsequent brief that he has "every reason to believe" that information has been shared with these agencies is insufficient to meet this burden.

Anibowei's suggestion that the defendants should have "denied . . . or disputed" his allegations is likewise unavailing. A Rule 12(b)(6) motion would not be the proper vehicle for denying or disputing a plaintiff's factual allegations. *See Iqbal*, 556 U.S. at 678 (explaining that factual allegations are to be accepted as true in the Rule 12(b)(6) context). But in any event, Anibowei misses the point. There simply are no well-pleaded allegations showing any involvement by these five defendants' agencies. In the absence of any such allegations, the case should not go forward against these defendants.

## II.     Conclusion

The Court should decline to accept the Recommendation's standing analysis and instead dismiss for lack of standing. Alternately, the Court should reach the Rule

12(b)(6) arguments not addressed in the Recommendation and dismiss the first amended complaint in its entirety as to all defendants, or in the further alternative, dismiss the five defendants whose agencies are not alleged to have had any involvement in the search.

    Respectfully submitted,

    ERIN NEALY COX
    United States Attorney

    /s/ Brian W. Stoltz
    Brian W. Stoltz
    Assistant United States Attorney
    Texas Bar No. 24060668
    1100 Commerce Street, Third Floor
    Dallas, Texas 75242-1699
    Telephone:   214-659-8626
    Facsimile:   214-659-8807
    brian.stoltz@usdoj.gov

    Attorneys for Defendants

### Certificate of Service

On January 24, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

    /s/ Brian W. Stoltz
    Brian W. Stoltz
    Assistant United States Attorney