IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GEORGE ANIBOWEI, §
　§
　　　　Plaintiff, §
　§
VS. § Civil Action No. 3:16-CV-3495-D
　§
JEFFERSON B. SESSIONS, III, et al., §
　§
　　　　Defendants. §

MEMORANDUM OPINION
AND ORDER

After conducting an independent review of the pleadings in this case, the December 15, 2017 findings, conclusions, and recommendation of the magistrate judge, defendants' December 29, 2017 objections to the magistrate judge's findings, conclusions, and recommendation on defendants' motion to dismiss plaintiff's first amended complaint, and plaintiff's January 10, 2018 response to defendants' objections to the magistrate judge's findings, conclusions, and recommendation, the court concludes that the magistrate judge's findings, conclusions, and recommendation are correct in part and are therefore adopted in part. Without suggesting that the magistrate judge should alter the result of the recommendation, the court also concludes that the recommendation should specifically address the merits of one objection. Accordingly, the court re-refers this matter to the magistrate judge for further proceedings.[1]

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision."

Plaintiff brings this action for declaratory and injunctive relief against eight officers of federal agencies,[2] alleging First and Fourth Amendment violations stemming from a search and seizure conducted at Dallas-Fort Worth International Airport. Defendants move to dismiss plaintiff's first amended complaint for lack of standing and subject matter jurisdiction under Fed R. Civ. P. 12(b)(1) and failure to state a claim under Rule 12(b)(6).

In her findings, conclusion, and recommendation, the magistrate judge recommends that defendants' motion to dismiss be granted in part and denied in part. She concludes that plaintiff has standing to assert his claims, and she recommends that the motion to dismiss under Rule 12(b)(1) be denied. Following *de novo* review, the court agrees with the magistrate judge that plaintiff has standing and that defendants' Rule 12(b)(1) motion to dismiss should be denied.

The magistrate judge also recommends that defendants' Rule 12(b)(6) motion be granted in part as to plaintiff's claims brought against the officers in their individual capacities under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Finally, the magistrate judge recommends that plaintiff's claims under the

---

It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]Jefferson B. Sessions, III succeeded Loretta Lynch; Christopher Wray succeeded James Comey; Elaine Duke succeeded Jeh Johnson; Kevin K. McAleenan succeeded Gil Kerlikowske; David P. Pekoske succeeded Peter Neffenger; and Thomas D. Homan succeeded Sarah Saldaña. Under Fed R. Civ. P. 25(d), each successor "is automatically substituted as a party."

Administrative Procedure Act ("APA") be dismissed *sua sponte* for lack of subject matter jurisdiction.

Defendants maintain that, even if it is determined that plaintiff has standing, the court must still address the merits of outstanding claims for injunctive relief against the officers in their official capacities—not only the *Bivens* and APA claims. The court agrees.

Aside from actions under *Bivens* or the APA, direct officer suits seeking injunctive relief are not barred by sovereign immunity. An individual can bring such a suit directly against a federal officer in two circumstances: (1) when the officer acts outside of his or her delegated statutory power; and (2) if the officer's conduct, while statutorily authorized, offends a provision of the Constitution. *Larson v. Domestic & Foreign Exchange Corp.*, 337 U.S. 682, 689-91(1949); *see also Bell v. Hood*, 327 U.S. 678, 684 (1946) ("[I]t is established practice for this Court to sustain the jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution[.]"). The latter is a "constitutional exception to the doctrine of sovereign immunity." *Larson*, 337 U.S. at 696; Richard H. Fallon, Jr. et al., Hart and Wechsler's The Federal Courts and the Federal System 895 (7th ed. 2015) ("Hart and Wechsler") ("[I]f the officer acted within the conferred statutory limits of the office, but his or her conduct allegedly offended a provision of the Constitution, then sovereign immunity will be lifted.") (internal quotation marks and citation omitted). Through this line of cases, individuals have "a right to sue directly under the [C]onstitution to enjoin . . . federal officials from violating [their] constitutional rights." *Porter v. Califano*, 592 F.2d 770, 781 (5th Cir. 1979); *see also Unimex, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 594

F.2d 1060, 1061-62 (5th Cir. 1979) (per curiam) (examining whether official capacity suit against federal officers may survive under constitutional exception to sovereign immunity); *Rhode Island Dep't of Envtl. Mgmt. v. United States*, 304 F.3d 31, 41 (1st Cir. 2002) ("[O]ur courts have long recognized that federal officers may be sued in their official capacity for prospective injunctive relief to prevent ongoing or future infringements of federal rights."); Erwin Chemerinski, Federal Jurisdiction § 9.2.2, at 676 (7th ed. 2016) ("[U]nconstitutional government actions can be halted by seeking an injunction against the individual officer responsible for executing the government's policy."); Hart and Wechsler, *supra* at 892 ("The principle that the Constitution creates a cause of action against governmental officials for injunctive relief . . . has also come to apply in suits challenging federal official action.").

In the present case, plaintiff seeks injunctive and declaratory relief, asserting jurisdiction—not only under *Bivens* and the APA—but also under the Constitution. Am. Compl. ¶1. He alleges that the agents who copied and retained the contents of his cell phone were acting pursuant to official Customs and Border Protection and Immigration and Customs Enforcement policy. *Id.* at ¶¶40, 43. Plaintiff also avers that the actions authorized by the policy are unconstitutional. *Id.* at ¶¶47, 48. Accordingly, the court concludes that the magistrate judge should consider anew whether plaintiff has alleged claims against defendants under the direct officer exception to sovereign immunity, and, if so, whether he has stated a claim for relief against the officers in their official capacities for the alleged

constitutional violations.³

The December 15, 2017 findings, conclusions, and recommendation of the magistrate judge are adopted in part, and this matter is re-referred to the magistrate judge.

**SO ORDERED**.

March 27, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

³*Larson* offers different justifications for the validity of direct federal officer suits, *compare Larson*, 337 U.S. at 696 (describing a "constitutional exception to the doctrine of sovereign immunity"), *with id.* at 690 ("[T]he conduct against which specific relief is sought is beyond the officer's powers and is, therefore, not the conduct of the sovereign."). As a result, courts are inconsistent as to whether these suits seeking injunctions for a federal officer's unconstitutional actions are brought against the officer in the officer's official or personal capacity. *Compare Unimex*, 594 F.2d at 1061 (stating the exception applies when official sued in official capacity); *Clark v. Library of Cong.*, 750 F.2d 89, 103 (D.C. Cir. 1984) (same); *Rhode Island Dep't of Envtl. Mgmt.*, 304 F.3d at 41 (same), *with Alabama Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1225 (5th Cir. 1976) ("The applicability of the doctrine of sovereign immunity is to be determined, not by the party named as defendant, but by the result of the judgment or decree which may be entered."). And since the 1976 amendments to the APA have allowed a majority of these cases to be brought under 5 U.S.C. § 702, courts have not had many opportunities to clarify this distinction. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1232-33 (10th Cir. 2005) (explaining that § 702 was passed to address "the impact of the doctrine of sovereign immunity on vindication of constitutional and other legal rights"). Regardless, even if these suits are considered to be brought against an officer in the officer's individual capacity, the facts regarding the official Customs and Border Protection and Immigration and Customs Enforcement policy remain relevant to the analysis of whether plaintiff plausibly states a direct federal officer claim.