**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GEORGE ANIBOWEI,** § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:16-CV-3495-D |
| § | |
| **JEFFERSON B. SESSIONS, et al.,**[1] § | |
| Defendants. § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Memorandum Opinion and Order* dated March 27, 2018 (doc. 26), this case was re-referred for recommendation concerning the plaintiff's claims for injunctive relief against the federal defendants in their official capacities. Based on the relevant filings and applicable law, the plaintiff's claims for injunctive relief should be **DISMISSED with prejudice**.

**I. BACKGROUND**[2]

On December 23, 2016, George Anibowei (Plaintiff) filed suit seeking, in part, injunctive relief under the Constitution for alleged violations of his First and Fourth Amendment rights during a border search on October 10, 2016. (doc. 1 at 1-3.)[3] He named the U.S. Attorney General, Director of the Federal Bureau of Investigation, Director of the Terrorist Screening Center, Director of the National Counterterrorism Center, Secretary of the Department of Homeland Security, Commissioner of the United States Customs and Border Protection Agency, Administrator of the United States Transportation Security Administration, and the Director of the United States

---

[1] Jefferson B. Sessions succeeded Loretta Lynch, Christopher Wray succeeded James Comey, Elaine Duke succeeded Jeh Johnson, Kevin K. McAleenan succeeded Gil Kerlikowske, David P. Pekoske succeeded Peter Neffenger, and Thomas D. Homan succeeded Sarah Saldana. Under Rule 25(d) of the Federal Rules of Civil Procedure, each successor "is automatically substituted as a party."

[2] The facts are more fully set out in the original Findings, Conclusions, and Recommendation. (*See* doc. 19.)

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Immigration and Customs Enforcement Agency (Defendants) in their official capacities only. (doc. 8 at 1, 4-5.)

Plaintiff alleges that he frequently flies internationally and has been referred for secondary inspection, detained, and questioned by United States Customs and Border Protection (CBP) agents on many occasions. (docs. 8 at 7-8; 17 at 8.) On October 10, 2016, he flew from Canada to the United States, and upon arrival at the Dallas/Fort Worth International Airport (DFW), CBP agents escorted him to an interrogation room. (docs. 8 at 2, 12; 17 at 9.) The agents detained and questioned him for approximately two hours and "seized and detained" his cell phone for "examination and copying." (doc. 8 at 2, 14.) They then returned Plaintiff's cell phone and released him without indicating "what information had been copied from his cell phone, what agencies or individuals would have access to any copies made, and whether any such copies would ultimately be destroyed or stored." (*Id*. at 14-15.) After filing suit, Plaintiff was again referred for secondary inspection, detained, and questioned by CBP agents while his cell phone, luggage, and carry-on bag were searched. (*Id*. at 15-16.) He seeks an order requiring Defendants (1) to return all information retrieved from his cell phone or, if the information cannot be returned, to expunge or destroy that information; and (2) to disclose whether the information obtained from his cell phone was disclosed to other agencies and, if so, what information was disclosed and in what form. (*Id*. at 2-3, 19-20.)

On December 15, 2017, it was recommended that Plaintiff's claims be dismissed. (*See* doc. 19.) After the parties objected to the recommendation, it was adopted in part, and the case was re-referred to address the merits of one objection concerning Plaintiff's claims for injunctive relief against Defendants in their official capacities. (*See* doc. 26 at 1, 3.)

## II. RULE 12(b)(1)

Plaintiff's claim for injunctive relief against Defendants in their official capacities implicates sovereign immunity, which goes to subject-matter jurisdiction and is properly addressed under Rule 12(b)(1). *Garcia v. United States*, No. 3:14-CV-357-L, 2015 WL 1810451, at *2 (N.D. Tex. Apr. 20, 2015) (addressing sovereign immunity under Rule 12(b)(1)); *Maibie v. United States*, No. 3:07-CV-0858-D, 2008 WL 4488982, at *2–3 (N.D. Tex. Oct. 7, 2008) (Fitzwater, J.) (same).

Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When a court dismisses for lack of subject matter jurisdiction, the dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*.

**A.     Legal Standard**

A district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations

alone provide jurisdiction." *Id.*

Here, Defendants' Rule 12(b)(1) motion to dismiss relies on Plaintiff's amended complaint, and therefore presents a facial attack that does not require resolution of matters outside the pleadings. *See Bridgewater v. Double Diamond–Delaware, Inc.*, 3:09-CV-1758-B, 2010 WL 1875617, at *5 (N.D. Tex. May 10, 2010); *Lester v. Lester*, No. 3:06-CV-1357-BH, 2009 WL 3573530, at *4 (N.D. Tex. Oct. 29, 2009).

**B.    <u>Sovereign Immunity</u>**

As noted, Plaintiff sues Defendants in their official capacities only.  (*See* doc. 8 at 1, 4-5.) Lawsuits against federal employees in their official capacities are treated as lawsuits against the United States. *See Ischy v. Miles*, 75 F. App'x 257, 258 (5th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Suits against the United States are generally barred by sovereign immunity. *Id.* (citing *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)). "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Since federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). The terms of the consent or waiver define the jurisdictional boundaries to entertain the suit. *Meyer*, 510 U.S. at 475. In general, the scope of a waiver of sovereign immunity is strictly construed "in favor of the sovereign." *Gomez–Perez v. Potter*, 553 U.S. 474, 491 (2008). Plaintiff has the burden to show an "unequivocal waiver of sovereign immunity." *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir.

4

2009).

The Supreme Court has held that suits seeking injunctive relief directly against individual officers in their official capacities may not be barred by sovereign immunity in certain circumstances, however. *See Larson v. Domestic & Foreign Exch. Corp.*, 337 U.S. 682, 689–91 (1949) (recognizing exceptions to sovereign immunity for suits seeking injunctive relief directly against federal officers in their official capacities); *see also Bell v. Hood*, 327 U.S. 678, 684 (1946) ("[I]t is established practice for this Court to sustain the jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution"); *Porter v. Califano*, 592 F.2d 770, 781 (5th Cir. 1979) (stating that individuals "have a right to sue directly under the [C]onstitution to enjoin . . . federal officials from violating [their] constitutional rights."). "Such actions are based on the grant of general federal question jurisdiction under 28 U.S.C. § 1331 and the inherent equity powers of the federal courts." *Rhode Island Dep't of Envtl. Mgmt. v. United States*, 304 F.3d 31, 41 (1st Cir. 2002).

An individual can bring suit "for specific relief against officers of the sovereign" in their official capacities in only two circumstances: (1) when the officer acts outside of his or her delegated statutory power; or (2) when the officer acts pursuant to a statute or order that "is claimed to be unconstitutional." *Larson*, 337 U.S. at 689–91, 701; *see also Simons v. Vinson*, 394 F.2d 732, 736 (5th Cir. 1968) (recognizing the two exceptions to sovereign immunity). The first is an "*ultra vires* exception to sovereign immunity," and the latter is a "constitutional exception to the doctrine of sovereign immunity." *Larson*, 337 U.S. at 696; *Danos v. Jones*, 652 F. 3d 577, 583 (5th Cir. 2011) (quoting *Larson*, 337 U.S. at 689) ("The *ultra vires* exception to sovereign immunity, . . . provides that 'where the officer's powers are limited by statute, his actions beyond those limitations are

5

considered individual and not sovereign actions.'"). Relief can be granted in those cases because "the conduct against which specific relief is sought is beyond the officer's powers and is, therefore, not the conduct of the sovereign." *Larson*, 337 U.S. at 690. "[E]ven if it is claimed that the officer being sued has acted unconstitutionally or beyond his statutory powers," a suit will fail, as one against the sovereign, "if the relief requested cannot be granted by merely ordering the cessation of the conduct complained of but will require affirmative action by the sovereign or the disposition of unquestionably sovereign property." *Id*. at 691 n.11 (citing *North Carolina v. Temple*, 134 U.S. 22, 26 (1890)).

In *Larson*, the plaintiff filed suit against a federal officer seeking injunctive relief against him in his official capacity, "and against 'his agents, assistants, deputies, and employees and all persons acting or assuming to act under their direction,'" to prevent the sale or delivery of coal. 337 U.S. at 684–86. The officer moved to dismiss the complaint on grounds "that the court did not have jurisdiction because the suit was one against the United States," and the district court agreed and dismissed the suit. *Id*. at 684–85, 689. After identifying the two ways that specific relief could be sought directly against a federal officer, the Supreme Court found that the case did not fall within either category because the plaintiff did not claim that the individuals from whom he was seeking injunctive relief "were acting unconstitutionally or pursuant to an unconstitutional grant of power." *Id*. at 691, 702–03. It concluded that the relief sought was against the sovereign, and affirmed the dismissal of the suit on that ground. *Id*. at 689.

Here, Plaintiff alleges that CBP and Immigration and Customs Enforcement (ICE) policies authorize border agents to detain electronic devices, "read and/or analyze the contents of such devices without any basis for suspicion of wrongdoing," and retain or share the information obtained

from those devices. (doc. 8 at 16-17.) Under these policies, Defendants' agents allegedly "reviewed and copied the contents of his electronic devices," and retained and disclosed the information gathered from his devices to other government agencies in violation of his constitutional rights. (*Id.* at 17-19.) Plaintiff does not allege any facts involving the named Defendants, however. (*See id.* at 2-18.) He only vaguely references them and states that he believes they have either retained, disclosed, or received the information obtained from his cell phone, and asks for injunctive relief requiring the return or destruction of that information, as well as disclosures about that information. (*Id.* at 12, 17-18.) He does not allege or plead facts showing that they committed any acts under an unconstitutional statute or order, or that they engaged in any conduct that was beyond their statutory authority.[4] *See Larson*, 337 U.S. at 689–91; *Smith*, 643 F. Supp. 2d at 1291–92; *see also Unimex, Inc. v. U.S. Dept. of Hous. & Urban Dev.*, 594 F.2d 1060, 1062 (5th Cir. 1979) (noting that the exceptions to sovereign immunity did not apply because the plaintiff did not contend "that the basis for either official's authority to act . . . [was] unconstitutional," or that either acted beyond the powers conferred on them by statute); *Adderley v. United States*, No. 5:17-CV-01431-HNJ, 2018 WL 3819722, at *6 (N.D. Ala. Aug. 10, 2018) (determining that the plaintiff did not plausibly plead that the federal officials engaged in acts beyond their authority or acted pursuant to an unconstitutional policy or statute); *Kodonsky v. United States*, No. 3:96-CV-2969-BC, 1997 WL 457516, at *9 (N.D. Tex. Aug. 5, 1997) (quoting *Larson*, 337 U.S. at 693) (noting that the plaintiff did "not allege any material facts to support the proposition that the individual defendants acted outside the scope of their authority or that, 'in committing that wrong, [were] not exercising the

---

[4] In order to successfully allege that an officer's actions were *ultra vires*, or beyond his statutory authority, "[t]he complaint must allege facts sufficient to establish that the officer was acting 'without any authority whatever,' or without any 'colorable basis for the exercise of authority.'" *Danos*, 652 F.3d at 583 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n.11 (1984)).

powers delegated to him by the sovereign.'"). Accordingly, the exception to sovereign immunity for suits seeking injunctive relief directly against officers in their official capacities does not apply to permit Plaintiff to pursue his claims for injunctive relief against Defendants. *See Adderley*, 2018 WL 3819722, at *6–7 (finding that the plaintiff could not obtain injunctive relief where he did not satisfy the requirements of the exception).

Moreover, even if Plaintiff's amended complaint can be read to allege that Defendants engaged in acts beyond their statutory powers, or committed acts that were authorized by an unconstitutional statute or order, his requests for injunctive relief would require affirmative action by the sovereign. *See Larson*, 337 U.S. at 691 n.11; *see also Dugan v. Rank*, 372 U.S. 609, 620 (1963) (quoting *Larson*, 337 U.S. at 704) ("The general rule is that a suit is against the sovereign . . . if the effect of the judgment would be 'to restrain the Government from acting or to compel it to act.'"); *Pavlov v. Parsons*, 574 F. Supp. 393, 397 (S.D. Tex. 1983) (citing cases) (restating the same). He asks that the Court order Defendants to return or destroy the information obtained from his cell phone, disclose whether that information was disclosed to other government agencies, and disclose what information, if any, was disclosed to other agencies. (*See* doc. 8 at 19-20.) These requests effectively seek relief from the United States, rather than from Defendants. *See Dugan*, 372 U.S. at 620–21 (finding that a suit for injunctive relief to "prevent the storing and diverting of water at [a] dam" was "in fact [a suit] against the United States"); *Larson*, 337 U.S. at 689 (agreeing that a request for relief was against the sovereign where "it was asked that the court order [the defendant], his agents, assistants, deputies and employees and all persons acting under their direction, not to sell . . . [or] deliver [coal] to anyone other than the respondent."). Although Plaintiff's suit is directed at federal officials, based on the relief he seeks, it "is barred, not because

it is a suit against [officers] of the Government, but because it is, in substance, a suit against the Government over which the [C]ourt, in the absence of consent, has no jurisdiction." *Larson*, 377 U.S. at 688; *see Dugan*, 372 U.S. at 620; *Robertson v. Johnson*, No. H-05-2190, 2006 WL 1118151, at *3 (S.D. Tex. Apr. 25, 2006) (citing *Larson*, 337 U.S. at 688) (finding that a suit against a federal officer in her official capacity was barred by sovereign immunity where the "suit [was] viewed as one against the United States.").

Because the exception does not apply and Plaintiff's claims for injunctive relief against Defendants are barred by sovereign immunity, they should be dismissed with prejudice. *Maibie*, 2008 WL 4488982, at *3 (dismissal with prejudice based on sovereign immunity is proper, "despite the fact that sovereign immunity deprives this court of subject matter jurisdiction"); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 648 (N.D. Tex. 2007) (dismissing with prejudice claims that were barred by sovereign immunity).[5]

### III. RECOMMENDATION

Plaintiff's claims for injunctive relief against Defendants in their official capacities should be **DISMISSED with prejudice**.

**SO RECOMMENDED** on this 18th day of October, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Because the exception to sovereign immunity does not apply to permit Plaintiff to seek injunctive relief against Defendants in their official capacities, it is unnecessary to reach the issue of whether the conduct of which he complains violated the Constitution. *Peltier v. Assumption Par. Police Jury*, 638 F.2d 21, 22 (5th Cir. 1981) (citing cases in recognizing that courts should "resolve federal constitutional claims only when a case cannot be decided on any other basis.").

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE