IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GEORGE ANIBOWEI** | § |
| | § |
| Plaintiff | § Civ. Act. No.: 3:16-CV-3495-D |
| | § |
| v. | § |
| | § PLAINTIFF'S OBJECTIONS |
| | § TO THE MAGISTRATE JUDGE'S |
| **JEFFERSON B. SESSIONS, et al.,** | § SUPPLEMENTAL FINDINGS, |
| | § CONCLUSIONS, AND |
| Defendants | § RECOMMENDATION |
| | § |

**PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE
JUDGE'S SUPPLEMENTAL FINDINGS, CONCLUSIONS,
AND RECOMMENDATION**

George Anibowei
Texas Bar No. 24036142
The Law Office of George Anibowei, P.C.
6060 N. Central Expressway, Ste. 560
Dallas, Texas 75206
Telephone No: (214) 800-3463
Facsimile No: (214) 800-3464
Email: ganibowe@yahoo.com
**ATTORNEY FOR PLAINTIFF,
GEORGE ANIBOWEI**

## Table of Contents

1. Introduction………………………………………………………………………...…..1

2. Background………………………………………………………………………….…..2

3. Factual Allegations………………………………………………………………….4

4. Argument………………………………………………………………………………..6

   I. Legal Standard………………..…………………………………………………..6

   II. Plaintiff's Claim are not barred by Sovereign Immunity…..…………………..….7

   III. Federal Courts can issue injunctions against the Government
   to protect rights safeguarded by the Constitution...…………………………...….9

5. Conclusion……………………………………………………………………….13

i

# Table of Authorities

## Cases

*Bell v. Hood*
    327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946))..................................................7,12

*Bridgewater v. Double Diamond–Delaware, Inc.*
    3:09–CV–1758–B, 2010 WL 1875617 (N.D. Tex. May 10, 2010).......................7

*Farmer v. Brennan*
    511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)....................................12

*Howery v. Allstate Ins. Co.*
    243 F.3d 912 (5th Cir. 2001)..................................................................6

*Kokkonen v. Guardian Life Ins. Co. of Am.*
    511 U.S. 375 (1994)..............................................................................6

*Larson v. Domestic & Foreign Exchange Corp.*
    337 U.S. 682 (1949) ..........................................................................7,12

*Lester v. Lester*
    No. 3:06-CV-1357-BH, 2009 WL 3573530 (N.D. Tex. Oct. 29, 2009)..............7

*Marbury v. Madison*
    5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803)..............................................12

*Mora v. United States*
    955 F.2d 156 (2d Cir. 1992).................................................................10

*Paterson v. Weinberger*
    644 F.2d 521 (5th Cir. 1998).................................................................7

*Porter v. Califano*
    592 F.2d 770 (5th Cir. 1979).............................................................8,13

*Rhode Island Dep't of Envtl. Mgmt. v. United States*
    304 F.3d 31 (1st Cir. 2002)...............................................................8,13

*Salazar v. Buono*
    559 U.S. 700, 130 S.Ct. 1803 (2010)...................................................10

*Simmat v. U.S. Bureau of Prisons*
    413. F.3d 1225 (10th Cir. 2005)..........................................................12

*Unimex, Inc. v. U.S. Dep't of Hous. & Urban Dev.*
    594 F.2d 1060 (5th Cir. 1979)......................................................................................8

*United States v. Cardona-Sandoval*
    518 F.3d 13 (1st Cir. 2008)........................................................................................10

*United States v. Chambers*
    192 F.3d 374 (3d Cir. 1999).......................................................................................10

*United States v. Cintron Moreno*
    6 Fed. Appx. 23 (1st Cir. 2001) .................................................................................11

*United States v. Comprehensive Drug Testing, Inc.*
    621 F.3d 1162 (9th Cir. 2010)....................................................................................11

*Williamson v. Tucker*
    645 F.2d 404 (5th Cir. 1981).......................................................................................6

**Statutes and Rules**

Fed. R. Civ. P. Rule 12(b)(1)................................................................................................6

Fed. R. Crim. P. Rule 41(g)..........................................................................................10,11

**Other Authorities**

Richard H. Fallon, Jr. et al., Hart and Wechsler's The Federal Courts and
the Federal System 895 (7th ed. 2015)............................................................................7,13

Erwin Chemerinski, Federal Jurisdiction § 9.2.2, at 676 (7th ed. 2016)..........................8,13

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **GEORGE ANIBOWEI** § <br> § <br> **Plaintiff** § Civ. Act. No.: 3:16-CV-3495-D <br> § <br> v. § <br> § <br> § **PLAINTIFF'S OBJECTIONS** <br> § **TO THE MAGISTRATE JUDGE'S** <br> **JEFFERSON B. SESSIONS, et al.,**[1] § **SUPPLEMENTAL FINDINGS,** <br> § **CONCLUSIONS, AND** <br> **Defendants** § **RECOMMENDATION** <br> § | |

---

**PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE
JUDGE'S SUPPLEMENTAL FINDINGS, CONCLUSIONS,
AND RECOMMENDATION**

---

### 1. INTRODUCTION

COMES NOW Plaintiff, George Anibowei and hereby files these Objections to the Magistrate Judge's Supplemental Findings, Conclusions and Recommendation (doc. 29). In the Magistrate's Judge's Supplemental Findings, Conclusions and Recommendation, the Magistrate Judge recommends that the Plaintiff's Claim for injunctive reliefs against the federal defendant's be dismissed with prejudice on grounds of sovereign immunity. Plaintiff respectfully prays that this Honorable Court declines to accept or adopt the Supplemental findings, conclusions and recommendation of the Honorable Magistrate Judge.

---

[1] Jefferson B. Sessions succeeded Loretta Lynch, Christopher Wray succeeded James Comey, Elaine Duke succeeded Jeh Johnson, Kevin K. McAleenan succeeded Gil Kerlikowske, David P. Pekoske succeeded Peter Neffenger, and Thomas D. Homan succeeded Sarah Saldana. Under Rule 25(d) of the Federal Rules of Civil Procedure, each successor "is automatically substituted as a party."

The question in this case is whether plaintiff has alleged claims against defendants under the constitutional exception to sovereign immunity, and, if so, whether he has stated a claim for relief against the officers in their official capacities for the alleged constitutional violations. Put differently, the question is whether the government can, without any suspicion, take an American's electronic devices from him at the border in order to make copies, retain the copied information indefinitely, examine and analyze the information, and share that information with other parts of the federal government and potentially with foreign governments as well.

Significantly, the government does not contest that this is what happened to Plaintiff George Anibowei when he crossed the border on his way home from vacation on October 10, 2016. The government asks this Court to dismiss this case, arguing that neither the Fourth Amendment's prohibition on unreasonable searches and seizures nor the First Amendment's protections for expressive records and association pose a bar to these actions because its power to search electronic devices is without limit and effectively beyond judicial review. The government sees no difference between going through someone's most private papers and examining their shoes and contact lens solution, and asserts it is free to take people's property from them at the border and hold onto it for weeks, months, or even years, if that is how long, in its view, it would take to conduct a search.

Plaintiff respectfully prays that this Honorable Court declines to accept or adopt the Supplemental findings, conclusions and recommendation of the Honorable Magistrate Judge.

On the contrary, Plaintiff request that this Court should hold that Plaintiff has stated a

claim for relief against the officers in their official capacities for the alleged constitutional violations. Additionally, Plaintiff further requests that this Court holds that Plaintiff's claims are not barred by sovereign immunity.

## 2. BACKGROUND

On December 23, 2016, George Anibowei (Plaintiff) filed the instant action against the Defendants' for violations of his First and Fourth Amendment rights during a border search on October 10, 2016. (doc. 1 at 1-2.)[2] He names the U.S. Attorney General, Director of the Federal Bureau of Investigation, Director of the Terrorist Screening Center, Director of the National Counterterrorism Center, Secretary of the Department of Homeland Security, Commissioner of the United States Customs and Border Protection Agency, Administrator of the United States Transportation Security Administration, and the Director of the United States Immigration and Customs Enforcement Agency (Defendants) in their official capacities only. (doc. 8 at 1-3.).

On April 10, 2017, Defendants' filed a Motion to Dismiss Plaintiff's First Amended Complaint on grounds that Plaintiff lacked standing, and alternatively, for failure to state a claim upon which relief could be granted. (doc. 13). On May 1, 2017, Plaintiff filed an Opposition to the Motion to Dismiss. (doc. 17).

By Memorandum Opinion and *Order of* dated March 27, 2018 (doc. 26), this Honorable Court adopted in part the December 15, 2017 findings, conclusions, and recommendation of the magistrate judge, and this matter was re-referred to the magistrate judge to address the merits of outstanding claims for injunctive relief against the officers in their

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

3

official capacities. The Honorable Magistrate Judge has concluded and recommended that the Plaintiff's Claim for injunctive reliefs against the federal defendant's be dismissed with prejudice on grounds of sovereign immunity.

Plaintiff respectfully requests that this Honorable Court declines to accept or adopt the Supplemental findings, conclusions and recommendation of the Honorable Magistrate Judge.

### 3. FACTUAL ALLEGATIONS

The complaint makes the following allegations:

Plaintiff is a licensed Texas attorney who frequently flies internationally. (doc. 17 at 8.) He was an approved member of the Global Entry Trusted Traveler Program administered by the United States Customs and Border Protection Agency (CBP). (doc. 8 at 5, 21.) After approximately two and a half years of active membership, his membership was revoked for not meeting the "program eligibility requirements." (*Id.* at 6, 22.) Plaintiff asserts that "even before and subsequent to the revocation" of his membership, he was referred for secondary inspection, detained, and questioned by CBP officers on many occasions. (*Id.* at 7-8.)

On one occasion, he and his teenage son were prevented from boarding and detained for approximately two hours before being allowed to board their flight, which was delayed while they were detained. (*Id.*)

On another occasion, he was detained and questioned for almost five hours by the Canada Border Services at the insistence of CBP, which caused him to miss his flight. (*Id.*)

On October 10, 2016, Plaintiff arrived at the Toronto International airport to board his flight to the United States. (Id. at 12.) Plaintiff contends that, upon his arrival at the Dallas/Fort Worth International Airport (DFW), CBP agents escorted him to an interrogation room. (Id. at 2; doc. 17 at 9.) There, they "seized and detained" his cell phone without consent

4

or a search warrant for "examination and copying," but they did not tell him why. (doc. 8 at 2, 14.) CBP agents detained and questioned Plaintiff for approximately two hours, during which time they copied the contents of his cell phone for examination. (Id. at 14.) CBP agents then returned Plaintiff's cell phone and released him without indicating "what information had been copied from his cell phone, what agencies or individuals would have access to any copies made, and whether any such copies would ultimately be destroyed or stored." (Id.)

Plaintiff asserts on information and belief that agents of Defendants, acting pursuant to established CBP and ICE policies, reviewed and copied the contents of his electronic devices, that this information has been retained by Defendants, and that it has been disclosed to and retained by other government agencies. (Id. at 43.)

After filing this lawsuit, on February 27, 2017, Plaintiff returned to the United States from Nigeria and landed at DFW, where he was again referred for secondary inspection. (Id. at 15.) During this subsequent inspection, he was detained and questioned by CBP agents while his cell phone, luggage, and carry-on bag were searched. (Id.) Plaintiff asserts that a CBP agent went through his text messages and emails on his cell phone without his consent or a search warrant. (Id. at 15-16.) CBP agents detained him for approximately three hours during this inspection. (Id. at 16.)

Plaintiff seeks a declaratory judgment that the detention of his cell phone for copying and examination and the retention and dissemination of its contents without reasonable suspicion violates the First and Fourth Amendments. (Id. at 19.) He also seeks "injunctive relief" in the form of an order requiring Defendants to (1) return all information retrieved from his cell phone or, if the information cannot be returned, to expunge or destroy that information; and (2) disclose whether the information obtained from his cell phone was disclosed to other

5

agencies and, if so, what information was disclosed and in what form. (*Id.* at 2-3, 19-20.) Finally, he seeks attorneys' fees and costs. (*Id.* at 20.)

As an initial matter, this Honorable Court must accept as true the complaint's factual allegations in considering the Defendants' motion to dismiss.

### 4.     ARGUMENT AND AUTHORITIES

Defendants move to dismiss Plaintiff's claims for injunctive relief under Rule 12(b)(1) for lack of subject-matter jurisdiction. (doc. 13 at 10.)

### I.     **Legal Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). When a court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the

allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.*

Here, because the Rule 12(b)(1) motion to dismiss relies on Plaintiff's amended complaint, it presents a facial attack that does not require resolution of matters outside the pleadings. *See Bridgewater v. Double Diamond–Delaware, Inc.*, 3:09–CV–1758–B, 2010 WL 1875617, at *5 (N.D. Tex. May 10, 2010); *Lester v. Lester*, No. 3:06-CV-1357-BH, 2009 WL 3573530, at *4 (N.D. Tex. Oct. 29, 2009).

## II. Plaintiff's Claims are not barred by Sovereign Immunity

Plaintiff respectfully requests that this Honorable Court declines to adopt or accept the Supplemental Recommendation's that Plaintiff's Claim for Injunctive relief against Defendants' in their official capacity should be dismissed with prejudice on grounds of sovereign immunity because aside from actions under *Bivens* or the APA, direct officer suits seeking injunctive relief are not barred by sovereign immunity.

It is well established that an individual can bring a suit directly against a federal officer in two circumstances: (1) when the officer acts outside of his or her delegated statutory power; and (2) if the officer's conduct, while statutorily authorized, offends a provision of the Constitution. *Larson v. Domestic & Foreign Exchange Corp.*, 337 U.S. 682, 689-91(1949); *see also Bell v. Hood*, 327 U.S. 678, 684 (1946) ("[I]t is established practice for this Court to sustain the jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution[.]"). The latter is a "constitutional exception to the doctrine of sovereign immunity." *Larson*, 337 U.S. at 696; Richard H. Fallon, Jr. et al., Hart and Wechsler's The Federal Courts and the Federal System 895 (7th ed. 2015) ("Hart and Wechsler") ("[I]f the

7

officer acted within the conferred statutory limits of the office, but his or her conduct allegedly offended a provision of the Constitution, then sovereign immunity will be lifted.") (internal quotation marks and citation omitted). Through this line of cases, individuals have "a right to sue directly under the [C]onstitution to enjoin . . . federal officials from violating [their] constitutional rights." *Porter v. Califano*, 592 F.2d 770, 781 (5th Cir. 1979); *see also Unimex, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 594 F.2d 1060, 1061-62 (5th Cir. 1979) (per curiam) (examining whether official capacity suit against federal officers may survive under constitutional exception to sovereign immunity); *Rhode Island Dep't of Envtl. Mgmt. v. United States*, 304 F.3d 31, 41 (1st Cir. 2002) ("[O]ur courts have long recognized that federal officers may be sued in their official capacity for prospective injunctive relief to prevent ongoing or future infringements of federal rights."); Erwin Chemerinski, Federal Jurisdiction § 9.2.2, at 676 (7th ed. 2016) ("[U]nconstitutional government actions can be halted by seeking an injunction against the individual officer responsible for executing the government's policy."); Hart and Wechsler, *supra* at 892 ("The principle that the Constitution creates a cause of action against governmental officials for injunctive relief . . . has also come to apply in suits challenging federal official action.").

In the present case, plaintiff seeks injunctive and declaratory relief, asserting jurisdiction—not only under *Bivens* and the APA—but also under the Constitution. Am. Compl. ¶1.

More specifically, plaintiff alleges that the agents who copied and retained the contents of his cell phone were acting pursuant to official Customs and Border Protection and Immigration and Customs Enforcement policy. *Id.* at ¶¶40, 43. Plaintiff also avers that the actions authorized by the policy are unconstitutional. *Id.* at ¶¶47, 48. Clearly, the plaintiff did

8

allege and pleaded facts showing that the individuals from whom he is seeking injunctive relief were acting unconstitutionally or pursuant to an unconstitutional grant of power.

In light of the foregoing, Plaintiff respectfully request that this honorable come to the irresistible conclusion that plaintiff has clearly alleged claims against defendants under the constitutional exception to sovereign immunity, and, has also stated a claim for relief against the officers in their official capacities.

### III. Federal courts can issue injunctions against the Government to protect rights safeguarded by the Constitution

Plaintiff respectfully requests that this Honorable Court declines to accept or adopt the Magistrate Judge's conclusion that even if Plaintiff is ultimately successful on his Constitutional claims, he is nonetheless not entitled to injunctive relief against the Defendants because Federal courts can issue injunctions against the Government to protect rights safeguarded by the Constitution.

Plaintiff seeks, among other forms of relief, an injunction requiring the Defendants to reveal to whom they disclosed or disseminated information contained on his electronic devices, (Amend. Compl., Prayer for Relief, C), and an injunction requiring them to return all information obtained from Plaintiff's electronic devices and if the information cannot be returned, to expunge or otherwise destroy it. (Amend. Compl., Prayer for Relief, B). Plaintiff respectfully prays that this Honorable court declines to accept or adopt the Magistrate Judges recommendation in this regard because such recommendation is premature at this stage in the proceedings.

"An injunction is an exercise of a court's equitable authority, to be ordered only after taking into account all of the circumstances that bear on the need for prospective relief."

9

*Salazar v. Buono*, 559 U.S. 700, 130 S.Ct. 1803, 1816 (2010). Because the Court does not have before it all of the discovered facts as it would at a later stage at summary judgment or trial, the Honorable Court is unable to adequately assess all of the circumstances that would bear on the issuance for an injunction in the particular form requested by Plaintiff at this time. Accordingly, this Honorable Court should decline to accept or adopt this particular recommendation as it is clearly premature at this stage of the proceeding.

Furthermore, the Plaintiff requested reliefs include an injunction requiring Defendants to reveal to whom they disclosed or disseminated information contained in his electronic devices. The finding and recommendation that Defendants cannot be compelled to reveal what they did with the information they seized must not be accepted or adopted because Courts have required this of the government on a routine basis.

For example, Federal Rule of Criminal Procedure 41(g) grants criminal defendants the right to have property returned to them after it is no longer needed as evidence. In deciding Rule 41(g) motions, the First Circuit has refused to accept the government's "bare assertion" that it destroyed the property or gave it to a third party, and instead has required the government to provide evidence of what it did with the property. *United States v. Cardona-Sandoval*, 518 F.3d 13, 16-17 (1st Cir. 2008) (per curiam). *See also United States v. Cintron Moreno*, 6 Fed. Appx. 23 (1st Cir. 2001) (per curiam); *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999); *Mora v. United States*, 955 F.2d 156, 159 (2d Cir. 1992). By analogy, it is within this Court's power to require the government to reveal to Plaintiff with whom it has shared his information. This is particularly the case because Plaintiff claims the government is violating the Constitution by retaining this information, a claim he will not be

10

able to fully vindicate unless he can identify all governmental entities that now possess his information.

Additionally, the Magistrate Judge clearly erred in finding that this Court lacks the power to order destruction of information the government seized from the Plaintiff's electronic device, as there is ample precedent for this practice. Again by analogy, under Federal Rule of Criminal Procedure 41(g), courts can order the government to return seized property to criminal defendants and have discretion to decide whether it is reasonable for the government to retain copies[3]. Besides, Plaintiff's privacy interest in the seized data also weighs heavily in favor of requiring the government to return the data and destroy all copies. In *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1174 (9th Cir. 2010), the Ninth Circuit upheld an order requiring the government to return illegally seized data on Major League Baseball's drug testing program without retaining copies. The Court noted, "The risk to the players associated with disclosure, and with that the ability of the Players Association to obtain voluntary compliance with drug testing from its members in the future, is very high." Id. at 1174. The privacy interests cited by the Ninth Circuit parallel Plaintiff's interests in preserving the privacy of the information in his electronic device. Accordingly, Plaintiff respectfully requests that this Honorable Court declines to accept or adopt the Supplemental recommendation that even if Plaintiff is ultimately successful on his Constitutional claims, he is nonetheless not entitled to injunctive relief against the Defendants.

---

[3] The Advisory Committee notes to the 1989 amendments to Rule 41 make clear that in some cases, "equitable considerations might justify an order requiring the government to return or destroy all copies of records that it has seized."

11

Lastly, the Magistrates Judge's conclusion that *Larson*, 337 U.S. 682 essentially blocks Plaintiff's claim for injunctive relief because it would require "affirmative action" by the sovereign is clearly erroneous. Accordingly, this Honorable court must decline to accept or adopt the recommendation because accepting the recommendation would effectively leave Plaintiff without a remedy for the violation of his constitutional rights. Most importantly, the Magistrate's recommendation the Plaintiff's claim for injunctive relief be dismissed with prejudice clearly violates the basic principle that "where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief." *Bell*, 327 U.S. 678, 684 (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803)); see also *Farmer v. Brennan*, 511 U.S. 825, 846, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (stating that the courts could "grant appropriate relief" on a federal prisoner's Eighth Amendment claim for damages and injunctive relief against prison officials in their individual and official capacities).

Moreover, there is no question that the judicial branch's power to enjoin unconstitutional acts by the government is inherent in the Constitution itself. Thus, in *Bell*, the Supreme Court held that the "jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution" is found in 28 U.S.C. §1331 (district courts have jurisdiction over all cases "arising under" federal law). Similarly, in *Simmat v. U.S. Bureau of Prisons*, 413. F.3d 1225, 1232 (10th Cir. 2005), the Tenth Circuit stated that where the government violates constitutional rights, "equity thus provides the basis for relief—the cause of action, so to speak—in appropriate cases within the court's jurisdiction." According to Hart and Wechsler *supra* at 892, ("[I]f the officer acted within the conferred statutory limits of the office, but his or her conduct allegedly offended a provision of the Constitution, then

12

sovereign immunity will be lifted.") (internal quotation marks and citation omitted). Clearly, individuals have "a right to sue directly under the [C]onstitution to enjoin . . . federal officials from violating [their] constitutional rights." *Porter*, 592 F.2d 770, 781; *see also Unimex*, 594 F.2d 1060, 1061-62 (per curiam) (examining whether official capacity suit against federal officers may survive under constitutional exception to sovereign immunity); *Rhode Island Dep't of Envtl. Mgmt.*, 304 F.3d 31, 41 ("[O]ur courts have long recognized that federal officers may be sued in their official capacity for prospective injunctive relief to prevent ongoing or future infringements of federal rights."); Erwin Chemerinski, Federal Jurisdiction § 9.2.2, at 676 (7th ed. 2016) ("[U]nconstitutional government actions can be halted by seeking an injunction against the individual officer responsible for executing the government's policy."); Hart and Wechsler, *supra* at 892 ("The principle that the Constitution creates a cause of action against governmental officials for injunctive relief . . . has also come to apply in suits challenging federal official action.").

In the present case, plaintiff seeks injunctive and declaratory relief, asserting jurisdiction—not only under *Bivens* and the APA—but also under the Constitution. Therefore, this Honorable must decline to accept or adopt the Magistrate Judge's Supplemental findings, conclusions and Recommendation. More specifically, this Honorable must decline to accept or adopt the Magistrate Judge's conclusion that even if Plaintiff is ultimately successful on his Constitutional claims, he is nonetheless not entitled to injunctive relief against the Defendants.

## 5. CONCLUSION

For the foregoing reasons, Plaintiff respectfully prays that this Honorable Court declines to accept or adopt the Supplemental findings, conclusions and recommendation of the

13

Honorable Magistrate Judge.

Respectfully submitted by:


By: */S/George Anibowei*
George Anibowei
Texas Bar No. 24036142
The Law Office of George Anibowei, P.C.
6060 N. Central Expressway, Ste. 560
Dallas, Texas 75206
Telephone No: (214) 800-3463
Facsimile No: (214) 800-3464
Email: ganibowe@yahoo.com
**ATTORNEY FOR PLAINTIFF,
GEORGE ANIBOWEI**


Dated this 6th day of November, 2018

**CERTIFICATE OF SERVICE (CM/ECF)**

The undersigned hereby certifies that on November 6, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I also certify that a copy of this document was served on all parties via the Court's electronic filing system.

Respectfully submitted,


By: */S/George Anibowei*
George Anibowei
Texas Bar No. 24036142
The Law Office of George Anibowei, P.C.
6060 N. Central Expressway, Ste. 560
Dallas, Texas 75206
Telephone No: (214) 800-3463
Facsimile No: (214) 800-3464
Email: ganibowe@yahoo.com
**ATTORNEY FOR PLAINTIFF,
GEORGE ANIBOWEI**