IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE ANIBOWEI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:16-CV-3495-D |
| | § | |
| CHAD WOLF, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

This is an action by plaintiff George Anibowei ("Anibowei"), a United States citizen and licensed attorney who maintains an office in Dallas, challenging three agency directives related to border searches and seizures of his cell phones. Anibowei moves for partial summary judgment, or, alternatively, for a preliminary injunction. The court has considered the briefing, including an *amicus* brief, and has heard oral argument. Concluding that Anibowei has in part failed to establish that he is entitled to partial summary judgment and that the record otherwise is not yet sufficiently developed for Anibowei to demonstrate that he is entitled to alternative relief in the form of a preliminary injunction, the court denies the motion.

I

Anibowei brings this action for vacatur of unlawful agency policies and declaratory and injunctive relief against various federal departments and agencies and individual

department and agency heads.[1]  He alleges violations of the First and Fourth Amendments and of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A) and (B), stemming from searches and seizures of his cell phones conducted at Dallas-Fort Worth International Airport ("DFW Airport") when he entered the United States from foreign countries.[2] Anibowei challenges one directive of defendant U.S. Immigration and Customs Enforcement ("ICE") and two directives of defendant U.S. Customs and Border Protection ("CBP") that he complains are unconstitutional and violate the APA because they authorize such searches and seizures without probable cause and a search warrant.

These three directives (collectively, "Directives") are at issue: The first is ICE Directive No. 7-6.1, Border Searches of Electronic Devices (2009) ("2009 ICE Directive"), promulgated in 2009, which "provides legal guidance and establishes policy and procedures . . . with regard to border search authority to search, detain, seize, retain, and share information contained in electronic devices possessed by individuals at the border." 2009 ICE Directive at ¶ 1.1. The 2009 ICE directive provides, in pertinent part, that "ICE Special Agents acting under border search authority may search, detain, seize, retain, and share electronic devices, or information contained therein, *with or without individualized suspicion*, consistent with the guidelines and applicable laws[.]" *Id.* at ¶ 6.1 (emphasis added).

---

[1]Under Fed R. Civ. P. 25(d), various individual defendants have been replaced during the course of this litigation and their successors "automatically substituted" as parties.

[2]Considering the limited scope of this memorandum opinion and order, the court can succinctly recount the pertinent background facts and procedural history.

The second is CBP Directive No. 3340-049, Border Search of Electronic Devices Containing Information (2009) ("2009 CBP Directive"), also adopted in 2009. The 2009 CBP Directive authorizes CBP officers, in the course of a border search, to examine electronic devices and review and analyze the information encountered at the border "with or without individualized suspicion." *See id.* at ¶ 5.1.2 ("In the course of a border search, *with or without individualized suspicion*, an Officer may examine electronic devices and may review and analyze the information encountered at the border, subject to the requirements and limitations provided herein and applicable law." (emphasis added)).

The third is CBP Directive No. 3340-049A, Border Search of Electronic Devices (2018) ("2018 CBP Directive"), adopted in 2018. The 2018 CBP Directive supersedes CBP CBP Directive No. 3340-049 and authorizes two categories of searches. For the first category, "[w]ith or without suspicion," an officer may conduct a "basic search," during which the officer may examine an electronic device—including searching the information stored on the device—and may review and analyze information encountered at the border. *Id.* ¶¶ 5.1.2, 5.1.3. For the second category, an officer may conduct an "advanced search" "[i]n instances in which there is reasonable suspicion of activity in violation of the laws enforced or administered by CBP, or in which there is a national security concern, and with supervisory approval at the Grade 14 level or higher." *Id.* ¶ 5.1.4. An "advanced search" is "any search in which an Officer connects external equipment, through a wired or wireless connection, to an electronic device not merely to gain access to the device, but to review, copy, and/or analyze its contents." *Id.*

According to Anibowei's second amended complaint, Anibowei is a naturalized U.S. citizen and licensed attorney who maintains an office in Dallas. Before immigrating to the United States, he lived and practiced law in Nigeria.

Anibowei is a frequent traveler. He typically travels to Nigeria several times each year to visit family and friends, and is a frequent tourist in Europe, the Caribbean, and other African countries. From 2012 until 2015, Anibowei was a member of the Global Entry Trusted Traveler Program ("Global Entry") administered by CBP. In 2015, however, CBP revoked Anibowei's membership in the program for the stated reason that he "d[id] not meet the eligibility requirements for the [Global Entry] program." 2d Am. Compl. ¶ 95. Both before and after Anibowei's Global Entry membership was revoked, he was subjected to extensive secondary screening nearly every time he traveled.

On October 10, 2016 border agents at the DFW Airport seized Anibowei's cell phone as he was returning to the Dallas area after a short vacation to Canada. Acting without a warrant, and pursuant to the 2009 CBP Directive, the agents searched Anibowei's cell phone and copied the data on it. Anibowei believes that the agents are still in possession of the data they copied from his cell phone. As a result of that search, Anibowei stopped carrying his work phone with him on international trips.

Anibowei alleges that in the years since the October 2016 search, his personal cell phone has been searched without a warrant at least four more times by officers of the Department of Homeland Security. For example, on February 12, 2017, upon arrival at the DFW Airport following a trip to Nigeria, Anibowei was put into secondary inspection where,

*inter alia*, border agents performed a search of his cell phone in his presence. Anibowei believes that officers viewed his text messages and encrypted messages he sent and received through WhatsApp, and possibly viewed his email.

Anibowei seeks vacatur of the Directives and declaratory and injunctive relief based on alleged violations of the First and Fourth Amendments and the APA.

After Anibowei filed the instant motion for partial summary judgment, defendants filed an unopposed motion to stay deadline to respond to Anibowei's second amended complaint. The court granted the motion, and ordered that defendants' response to the second amended complaint is not due until 14 days after the court issues its order deciding Anibowei's motion for partial summary judgment.

II

Because Anibowei seeks partial summary judgment on claims on which he will bear the burden of proof at trial, he "must establish 'beyond peradventure all of the essential elements of the claim[s].'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that Anibowei must demonstrate that there are no genuine and material fact disputes and that he is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923-24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007)

(Fitzwater, J.)).

To obtain a preliminary injunction, Anibowei must establish each of the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to Anibowei outweighs the threatened harm the injunction may do to defendants; and (4) that granting the preliminary injunction will not disserve the public interest. *E.g.*, *Jones v. Bush*, 122 F.Supp.2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision). "The decision whether to grant a preliminary injunction is within the discretion of the court, but it is an extraordinary remedy that should only be granted if the movant has clearly carried its burden." *John Crane Prod. Solutions, Inc. v. R2R & D, LLC,* 861 F.Supp.2d 792, 794 (N.D. Tex. 2012) (Fitzwater, C.J.) (citation omitted). "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Jones*, 122 F.Supp.2d at 718 (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light Co. v. United Gas Pipe Line,* 760 F.2d 618, 621 (5th Cir. 1985) (citation omitted).

III

A

Anibowei's principal—if not exclusive—argument is that the Directives should be invalidated because they empower searches and seizures of cell phone data at the border without probable cause and a search warrant. But no decision of the Supreme Court or of the Fifth Circuit imposes such requirements in the context of border searches. In particular, no court has extended the Supreme Court's decision in *Riley v. California*, 573 U.S. 373 (2014), to a border search. And as the Fifth Circuit has recognized, "not a single court addressing border searches of computers since *Riley* has read it to require a warrant." *United States v. Molina-Isidoro*, 884 F.3d 287, 292 (5th Cir. 2018). Absent such authority, Anibowei has failed to demonstrate under the "heavy" beyond peradventure standard that he is entitled to partial summary judgment as a matter of law. Because at oral argument Anibowei's counsel eschewed reliance on a reasonable suspicion-based argument, the court declines to reach the question whether the Directives are unconstitutional or violate the APA on the ground that they permit the search and seizure of cell phone data at the border without reasonable suspicion.

B

Nor has Anibowei shown that he is entitled to a preliminary injunction, which is relief that he seeks in the alternative. The pertinent evidentiary record, which at this point consists only of Anibowei's second amended complaint, is insufficient for the court to conclude that Anibowei has satisfied each of the four essential elements for obtaining such relief.

At oral argument, Anibowei's counsel relied on the fact that the second amended complaint is verified to contend that it is competent evidence, not merely allegations. But because the parties agreed that defendants' obligation to file a responsive pleading would be deferred pending a ruling on the instant motion, defendants have had no obligation (or opportunity) to deny the allegations of the second amended complaint. And even if the court overlooks this procedural imbalance and accepts the allegations of the second amended complaint as evidence, the evidence is insufficient to satisfy all four of the essential elements for obtaining a preliminary injunction. And the failure to meet even one of the four requirements results in the denial of a motion for a preliminary injunction. *E.g.*, *Medlin v. Palmer*, 874 F.2d 1085, 1091 (5th Cir. 1989) ("The failure of a movant to establish one of the above four elements will result in the denial of a motion for temporary injunction."); *Anderson v. Douglas & Lomason Co.*, 835 F.2d 128, 133 (5th Cir. 1988) ("if the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue").

Accordingly, the court denies Anibowei's motion for a partial summary judgment and his alternative request for a preliminary injunction.

IV

This case is before the court in a somewhat unusual procedural posture. In a typical case of this type, assuming that at least some of the plaintiff's claims survived a Fed. R. Civ. P. 12(b)(6) motion, a plaintiff like Anibowei would pursue development of the record (through his own evidence and/or discovery from defendants), move for a preliminary

injunction, and perhaps later seek partial summary judgment on a more developed record. In this case, however, only a thin record (i.e., the second amended complaint) has been developed, defendants by agreement have not been obligated (or able) to deny Anibowei's allegations, and Anibowei has moved for a preliminary injunction only as an alternative form of relief, which was insufficient to trigger entry of a scheduling and procedural order.[3] The court anticipates that this case will pivot hereafter to a more typical course.

* * *

For the reasons stated, Anibowei's motion for partial summary judgment or, in the alternative, for a preliminary injunction is denied.

**SO ORDERED**.

January 14, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[3]In the typical case, when a plaintiff applies for a preliminary injunction, the court issues a scheduling and procedural order that enables it to decide the motion under Rule 43(c), i.e., on the papers, without an evidentiary hearing unless a controlling credibility question is presented. *See, e.g., Wireless Agents, L.L.C. v. Sony Ericsson Mobile Commc'ns AB*, 390 F.Supp.2d 532, 533 n.1 (N.D. Tex. 2005) (Fitzwater, J.) (addressing former Rule 43(e)), *aff'd*, 189 Fed. Appx. 965 (Fed. Cir. 2006). Here, however, the court did not implement this procedure or schedule because Anibowei seeks a preliminary injunction only in the alternative.