IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION
_____

GEORGE ANIBOWEI,

      Plaintiff,

v.

CHAD WOLF, *et al.*,

      Defendants.

Civil Action No. 3:16-CV-3495-D

**DEFENDANTS CHAD WOLF, MARK A. MORGAN, MATTHEW T. ALBENCE, WILLIAM P. BARR, U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, AND U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Chad Wolf[1], Acting Secretary of Homeland Security, in his official capacity; Mark A. Morgan, Acting Commissioner of U.S. Customs and Border Protection, in his official capacity; Matthew T. Albence, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; William P. Barr, Attorney General of the United States, in his official capacity; the United States Department of Homeland Security ("DHS"); the United States Customs and Border Protection ("CBP"); and the United States Immigration and Customs Enforcement

---

[1] The defendants are federal officials sued in their official capacities. Some no longer hold government office, and hence their successors should be "automatically substituted" as defendants pursuant to Fed. R. Civ. P. 25(d). These successors are: Chad Wolf (Acting U.S. Secretary of Homeland Security, for Kirstjen M. Nielsen), Mark A. Morgan (Acting Commissioner of U.S. Customs and Border Protection, for Kevin K. McAleenan), and Matthew T. Albence (Acting Director of U.S. Immigration and Customs Enforcement, for Ronald D. Vitiello).

("ICE") (collectively, "Defendants") file, without waiving any defenses to which they may be entitled, this partial answer and defenses to the March 14, 2019 second amended complaint of Plaintiff George Anibowei.[2]  (Doc. 59.)  Answering the allegations of each paragraph of the complaint and using the same headings (which are not admissions) and paragraph numbers, the Defendants respond as follows:

1.      Defendants admit that in *Riley v. California*, 573 U.S. 373 (2014), the Supreme Court held that the search incident to arrest exception, which generally allows for a warrantless search of an individual at the time of arrest, does not apply to the search of a cell phone seized incident to an arrest.  573 U.S. at 381-85, 401.  Instead, the Supreme Court held that, in such a situation, the police would be required to get a warrant.  *Riley*, 573 U.S. at 402  ("Our answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant.").  Defendants deny the allegations in paragraph 1 of Anibowei's second amended complaint to the extent they imply that the Supreme Court issued a broader ruling in *Riley* regarding any law enforcement search of a cell phone.

2.      Defendants admit that the CBP and ICE policies at issue in this case allow for a basic search of a cell phone carried by an individual entering the United States, and also allow for a more extensive advanced search (i.e., the connection of external equipment to the device to download or analyze the contents) of a cell phone carried by

---

[2] Defendants Transportation Security Administration ("TSA") and David P. Pekoske, Administrator of the TSA, are moving to dismiss all claims as to either TSA or the TSA Administrator.  Their motion to dismiss is being filed concurrently with this answer.

an individual entering the United States in specific circumstances, under the long-standing border search doctrine and in accordance with applicable federal law and regulations. Defendants further note that these policies contain specific guidance for law enforcement officers regarding when a search may be appropriate and how the search may be properly executed to comply with applicable federal law and regulations. Defendants deny all other allegations in paragraph 2 of Anibowei's second amended complaint.

3. Defendants admit that the CBP and ICE policies at issue in this case allow for a basic search of a cell phone carried by an individual entering the United States, and also allow for a more extensive advanced search (i.e., the connection of external equipment to the device to download or analyze the contents) of a cell phone carried by an individual entering the United States in specific circumstances, under the long-standing border search doctrine and in accordance with applicable federal law and regulations. Defendants further note that these policies contain specific guidance for law enforcement officers regarding when a search may be appropriate and how the search may be properly executed to comply with applicable federal law and regulations. Defendants also admit that the language from *Riley* is an accurate quotation from the Supreme Court's opinion, with the clarification that the citation should indicate the quotation is from page 396, but deny the allegation to the extent Anibowei is implying the Supreme Court's opinion addresses cell phone searches at the border or otherwise applies to this case. Defendants deny all other allegations in paragraph 3 of Anibowei's second amended complaint.

**Defendants Chad Wolf, Mark A. Morgan, Matthew T. Albence, William P. Barr, U.S. Department of Homeland Security, U.S. Customs and Border Protection, and U.S. Immigration and Customs Enforcement's Answer to Plaintiff's Second Amended Complaint – Page 3**

4.      Defendants admit that CBP and ICE have complied with their policies at issue in this case for all searches of Anibowei's cell phone, and admit that similar searches are performed each year of other individuals' cell phones at the border in accordance with these same policies.  Defendants also admit that a basic search has been performed on Anibowei's cell phone on at least one occasion, that an advanced search was performed of Anibowei's cell phone on one occasion, and that information from Anibowei's cell phone was downloaded and eventually retained as a result of the advanced search.  Defendants deny all other allegations in paragraph 4 of Anibowei's second amended complaint.

5.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of Anibowei's second amended complaint regarding the generalizations about how all lawyers, journalists, and other individuals use their electronic devices, and therefore deny these allegations.  Defendants admit that the articles Anibowei cites in footnote 1 in paragraph 5 can be found at the provided web addresses and do contain the factual statements alleged, but Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in these articles, and therefore deny the same.  Defendants deny all other allegations in paragraph 5 of Anibowei's second amended complaint.

6.      Defendants admit that the CBP and ICE policies at issue in this action authorize searches of an electronic device carried by an individual entering the United States, but deny the allegations in paragraph 6 of Anibowei's second amended complaint that the policies give CBP and ICE agents "unilateral authority to search every piece of

Defendants Chad Wolf, Mark A. Morgan, Matthew T. Albence, William P. Barr, U.S. Department of Homeland Security, U.S. Customs and Border Protection, and U.S. Immigration and Customs Enforcement's Answer to Plaintiff's Second Amended Complaint – Page 4

stored information," as these policies contain specific guidance for law enforcement officers regarding when a search may be appropriate and how the search may be properly executed to comply with applicable federal law and regulations.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of Anibowei's second amended complaint regarding the generalizations about what an average person may reasonably believe regarding cell phone searches, and therefore deny these allegations.  Defendants deny all other allegations in paragraph 6 of Anibowei's second amended complaint.

7.    Defendants deny all allegations in paragraph 7 of Anibowei's second amended complaint.

## **INTRODUCTION**

8.    Defendants admit that the articles Anibowei cites in paragraph 8 of his second amended complaint can be found at the provided web addresses and do contain the factual statements alleged, but Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in these articles, and therefore deny the same.  Defendants deny all other allegations in paragraph 8 of Anibowei's second amended complaint.

9.    Defendants admit that the statements from *Riley* in paragraph 9 of Anibowei's second amended complaint are accurate quotations from the Supreme Court's opinion, but deny the allegations to the extent Anibowei is implying the Supreme Court's opinion addresses cell phone searches at the border or otherwise applies to this case. Defendants deny all other allegations in paragraph 9 of Anibowei's second amended

complaint.

10.     Defendants admit that in both *Riley* and *Carpenter v. United States*, 138 S.

Ct. 2206 (2018), the Supreme Court has held that a warrant is required in the specific

situations at issue in those two cases (i.e., a search incident to arrest in *Riley*, acquiring an

individual's historical cell phone records to obtain cell site location information when

investigating criminal activity within the interior of the United States in *Carpenter*), but

deny the allegations to the extent Anibowei is implying the Supreme Court's rulings in

these cases address cell phone searches at the border.  Defendants deny all other

allegations in paragraph 10 of Anibowei's second amended complaint.

11.     Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 11 of Anibowei's second amended complaint

regarding the generalization that "some relics of policy persist from the era" before the

Supreme Court's first case addressing the level of suspicion required in a specific

situation for a law enforcement officer to search a cell phone, and therefore deny these

allegations.  Defendants deny all other allegations in paragraph 11 of Anibowei's second

amended complaint.

12.     Defendants admit that both CBP and ICE issued directives in August 2009

regarding when and how their officers were allowed to search electronic devices during

the course of a border search, and that these directives can be found at the web addresses

provided by Anibowei in footnotes 4 and 5 to paragraph 12 of his second amended

complaint.  Defendants further admit that Anibowei correctly cites the definition for

"electronic devices" used by both directives.  Defendants also admit that the 2009

Defendants Chad Wolf, Mark A. Morgan, Matthew T. Albence, William P. Barr, U.S. Department of
Homeland Security, U.S. Customs and Border Protection, and U.S. Immigration and Customs Enforcement's
Answer to Plaintiff's Second Amended Complaint – Page 6

directives allowed for searches of electronic devices either with or without individualized suspicion, but note that these searches were only authorized by the directives when done "consistent with the guidelines and applicable laws set forth" in the directives. Defendants admit that the 2009 directives addressed searches of legal material, medical records, and other sensitive information such as information carried by journalists, but deny that the directives provided independent authorization for "warrantless and suspicionless searches" of this information, as the directives specifically provide instructions for officers on how to handle this information "in accordance with all applicable federal law and [agency] policy," recommend contacting agency counsel regarding the search of sensitive information, and direct officers to contact agency counsel before searching legal materials.  Defendants deny all other allegations in paragraph 12 of Anibowei's second amended complaint.

13.     Defendants admit that CBP issued an updated directive regarding border searches of electronic devices in 2018, which superseded the 2009 directive.  Defendants deny all other allegations in paragraph 13 of Anibowei's second amended complaint.

14.     Defendants deny all allegations in paragraph 14 of Anibowei's second amended complaint.

15.     Defendants admit that the plaintiff in this action is George Anibowei, and that his application for enrollment in CBP's Global Entry Trusted Traveler Program was approved on November 1, 2012.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 15 of Anibowei's second amended complaint, and therefore deny these allegations.  Defendants deny all

other allegations in paragraph 15 of Anibowei's second amended complaint.

16.     Defendants admit that on October 10, 2016, law enforcement officers at Dallas-Fort Worth Airport detained Anibowei's cell phone and conducted a search of the contents of the device, although Defendants clarify that the search was performed by ICE officers with Homeland Security Investigations ("HSI").  Defendants also admit that Anibowei was not presented "with a search warrant", as a warrant is not required for a search of an electronic device at the border under federal law.  Defendants deny all other allegations in paragraph 16 of Anibowei's second amended complaint.

17.     Defendants admit that Anibowei's cell phone has been searched on several occasions by either CBP or ICE agents, including the search on October 10, 2016. Defendants also admit that these searches were authorized under the relevant directives. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of Anibowei's second amended complaint as to what he saw the officers do while searching his phone, and therefore deny these allegations. Defendants deny all other allegations in paragraph 17 of Anibowei's second amended complaint.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of Anibowei's second amended complaint as to how Anibowei uses his cell phone, and therefore deny these allegations.  Defendants deny all other allegations in paragraph 18 of Anibowei's second amended complaint.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of Anibowei's second amended complaint as

to Anibowei's legal practice, and therefore deny these allegations.  Defendants deny all other allegations in paragraph 19 of Anibowei's second amended complaint.

20.     Defendants deny all allegations in paragraph 20 of Anibowei's second amended complaint.

21.     Defendants deny all allegations in paragraph 21 of Anibowei's second amended complaint.

22.     Defendants deny all allegations in paragraph 22 of Anibowei's second amended complaint.

23.     The allegations in paragraph 23 of Anibowei's second amended complaint address his requested relief, and are not allegations to which a response is required.  To the extent a response is required, Defendants deny all allegations in paragraph 23 of Anibowei's second amended complaint.

## JURISDICTION AND VENUE

24.     Defendants deny all allegations in paragraph 24 of Anibowei's second amended complaint.

25.     Defendants admit the allegations in paragraph 25 of Anibowei's second amended complaint that the Court has authority to issue declaratory and injunctive relief under 28 U.S.C. § 2201, 28 U.S.C. § 2202, Rules 57 and 65 of the Federal Rules of Civil Procedure, and the Court's equitable powers, but deny the allegations to the extent they imply such relief is appropriate in this case.

26.     Defendants admit the allegations in paragraph 26 of Anibowei's second amended complaint.

## PARTIES

27.     Defendants admit that the plaintiff in this action is George Anibowei. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27 of Anibowei's second amended complaint, and therefore deny these allegations.  Defendants deny all other allegations in paragraph 27 of Anibowei's second amended complaint.

28.     Defendants admit the allegations in paragraph 28 of Anibowei's second amended complaint that the Secretary of Homeland Security oversees DHS and its sub-agencies, and that the Secretary is sued in his official capacity.  Defendants clarify that Chad Wolf is now the Acting Secretary of Homeland Security.

29.     Defendants admit the allegations in paragraph 29 of Anibowei's second amended complaint that the Commissioner of U.S. Customs and Border Protection oversees CBP, and that the Commissioner is sued in his official capacity.  Defendants clarify that Mark A. Morgan is now the Acting Commissioner of U.S. Customs and Border Protection.

30.     Defendants admit the allegations in paragraph 30 of Anibowei's second amended complaint that the Director of U.S. Immigration and Customs Enforcement oversees ICE, and that the Director is sued in his official capacity.  Defendants clarify that Matthew T. Albence is now the Acting Director of U.S. Immigration and Customs Enforcement.

31.     As David P. Pekoske has moved for dismissal of all claims against him, no response is required to the allegations in paragraph 31 of Anibowei's second amended

complaint. To the extent a response is required, Defendants deny all allegations in paragraph 31 of Anibowei's second amended complaint.

32.     Defendants admit the allegations in paragraph 32 of Anibowei's second amended complaint.

33.     Defendants admit the allegations in paragraph 33 of Anibowei's second amended complaint.

34.     Defendants admit that CBP is a component of DHS, and that it is responsible for enforcing and administering federal law at and between ports of entry. Anibowei's characterization of CBP's statutory duties as "administering security checks at airports and other ports of entry" is inaccurate, and therefore, Defendants deny the remaining allegations in paragraph 34 of Anibowei's second amended complaint.

35.     Defendants admit the allegations in paragraph 35 of Anibowei's second amended complaint.

36.     As TSA has moved for dismissal of all claims against it, no response is required to the allegations in paragraph 36 of Anibowei's second amended complaint. To the extent a response is required, Defendants deny all allegations in paragraph 36 of Anibowei's second amended complaint.

## **BACKGROUND**

A.     **Searches and Seizures of Electronic Data**

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of Anibowei's second amended complaint, and therefore deny the same.

**Defendants Chad Wolf, Mark A. Morgan, Matthew T. Albence, William P. Barr, U.S. Department of Homeland Security, U.S. Customs and Border Protection, and U.S. Immigration and Customs Enforcement's Answer to Plaintiff's Second Amended Complaint – Page 11**

38.     Defendants admit that the websites Anibowei cites in footnotes 6 and 7 to paragraph 38 of his second amended complaint can be found at the provided web addresses and do contain the factual statements alleged, but Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations on these websites, or the generalization that these devices can carry information "far beyond any other object a traveler could possibly carry", and therefore deny the same.  Defendants deny all other allegations in paragraph 38 of Anibowei's second amended complaint.

39.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of Anibowei's second amended complaint regarding the generalizations about the type of information an individual may store on his electronic device or the types of applications an individual may use, and therefore deny these allegations.  Defendants deny all other allegations in paragraph 39 of Anibowei's second amended complaint.

40.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of Anibowei's second amended complaint regarding the generalizations about how "data on some electronic devices" can be used, or the "national debate" and "emerging societal consensus" about technology and privacy, and therefore deny these allegations.  Defendants admit that the articles Anibowei cites in footnote 8 in paragraph 40 can be found at the provided web addresses and do contain the factual statements alleged, but Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in these articles, and therefore deny the same.  Defendants admit that the language cited from *Smith v.*

*Maryland*, 442 U.S. 735 (1979), is an accurate quotation from the Supreme Court's opinion, but deny the allegations to the extent Anibowei is implying the Supreme Court's opinion addresses cell phone searches at the border or otherwise applies to this case. Defendants deny all other allegations in paragraph 40 of Anibowei's second amended complaint.

41.     Defendants admit that the language cited from *Riley* is an accurate quotation from the Supreme Court's opinion, with the clarification that the language is on page 396 of the opinion, but deny the allegations to the extent Anibowei is implying the Supreme Court's opinion addresses cell phone searches at the border or otherwise applies to this case.  Defendants deny all other allegations in paragraph 41 of Anibowei's second amended complaint.

42.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of Anibowei's second amended complaint regarding the generalizations about how electronic devices affect people's lives, and therefore deny these allegations.   Defendants deny all other allegations in paragraph 42 of Anibowei's second amended complaint.

43.     Defendants admit that Anibowei correctly cites to publicly-available information on CBP's website regarding the statistics for the number of people inspected daily on average by CBP, but clarifies that this data is from fiscal year 2018 (not 2017) and only addresses individuals entering the United States.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of Anibowei's second amended complaint regarding Anibowei's assumptions regarding

the percentage of individuals inspected daily by CBP who are U.S. citizens, the percentage of Americans who own cell phones, or the percentage of cell-phone-owning Americans who either enter or exit the United States each day, and therefore deny these allegations.   Defendants deny all other allegations in paragraph 43 of Anibowei's second amended complaint.

44.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of Anibowei's second amended complaint regarding how many cell phones are estimated to leave or enter the United States each day, and how many of these belong to U.S. citizens, and therefore deny these allegations. Defendants deny all other allegations in paragraph 44 of Anibowei's second amended complaint.

45.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of Anibowei's second amended complaint regarding the number of electronic devices travelers carry across the U.S. border each day, and therefore deny these allegations.   Defendants deny all other allegations in paragraph 45 of Anibowei's second amended complaint.

46.    Defendants deny all allegations in paragraph 46 of Anibowei's second amended complaint.

**B.    CBP and ICE Policies**

47.    Defendants admit that, on August 18, 2009, ICE issued ICE Directive No. 7-6.1 to provide legal guidance and establish policy and procedures regarding ICE's border search authority over electronic devices possessed by individuals at the border.

Defendants deny all other allegations in paragraph 47 of Anibowei's second amended complaint.

48.     Defendants admit that, on August 20, 2009, CBP issued CBP Directive No. 3340-049 to provide similar guidance regarding CBP's border search authority over electronic devices possessed by individuals at the border.  Defendants deny all other allegations in paragraph 48 of Anibowei's second amended complaint.

49.     Defendants admit that both CBP and ICE have officers and agents working at U.S. ports of entry.  Defendants deny all other allegations in paragraph 49 of Anibowei's second amended complaint.

50.     Defendants admit that the 2009 ICE and CBP directives authorized the respective agency's officers to conduct border searches to examine electronic devices, to review information found on those devices where appropriate and when in accordance with the directives and applicable law, and to retain devices and data when appropriate. Defendants also admit that the directives provide that officers conducting border searches of electronic devices, with or without suspicion, were subject to the requirements contained in the directive and applicable law.  Defendants deny all other allegations in paragraph 50 of Anibowei's second amended complaint.

51.     Defendants admit that the 2009 ICE and CBP directives authorized officers to detain electronic devices and take off-site for a more detailed search, and that the 2009 CBP directive indicated that the detention should not last longer than five days without extenuating circumstances, and that 2009 ICE directive indicated that the detention should not last longer than 30 days unless circumstances warranted additional time, but

**Defendants Chad Wolf, Mark A. Morgan, Matthew T. Albence, William P. Barr, U.S. Department of Homeland Security, U.S. Customs and Border Protection, and U.S. Immigration and Customs Enforcement's Answer to Plaintiff's Second Amended Complaint – Page 15**

deny Anibowei's characterization of these quotations from the 2009 directives.
Defendants clarify that the 2009 CBP directive required that any extension of the
detention of any device or data for continuation of the border search for more than five
days be approved by the Port Director or equivalent level manager, and any detention
exceeding 15 days had to be approved by the Director of Field Operations or equivalent
level manager and re-approved at least every seven days thereafter.  Additionally,
Defendants clarify that the 2009 ICE directive required that any extension of the
detention of any device or data beyond 30 days had to be approved by a Group
Supervisor or equivalent level manager, and re-approved every 15 days thereafter.
Defendants deny all other allegations in paragraph 51 of Anibowei's second amended
complaint.

52.     Defendants admit that the 2009 CBP directive required CBP to return the
detained electronic device and destroy any copies of information retained from it within
seven days (or 21 days with supervisor approval) if there was not probable cause to seize
the device or if the information did not relate to immigration, customs, or other
enforcement matters and retention of the information would not be consistent with
applicable privacy and data protections, while the 2009 ICE directive required destruction
of any retained information within the same periods of time where the information on the
device was not relevant to ICE, but Defendants deny Anibowei's characterization of
these quotations from the 2009 directives.  Defendants deny all other allegations in
paragraph 52 of Anibowei's second amended complaint.

53.     Defendants admit all allegations in paragraph 53 of Anibowei's second

Defendants Chad Wolf, Mark A. Morgan, Matthew T. Albence, William P. Barr, U.S. Department of
Homeland Security, U.S. Customs and Border Protection, and U.S. Immigration and Customs Enforcement's
Answer to Plaintiff's Second Amended Complaint – Page 16

amended complaint.

54.     Defendants admit that ICE has not issued a directive to supersede its 2009 directive.  Defendants deny all other allegations in paragraph 54 of Anibowei's second amended complaint.

55.     Defendants admit all allegations in paragraph 55 of Anibowei's second amended complaint.

56.     Defendants admit that the 2018 CBP directive describes two types of searches, basic and advanced, and that a warrant for probable cause is not required for either.  Defendants deny all remaining allegations in paragraph 56 of Anibowei's second amended complaint.

57.     Defendants admit that under the 2018 CBP directive, a CBP officer may perform a basic search of an individual's electronic device without individualized suspicion, and that as part of a basic search, the officer may examine the device and may review and analyze information encountered at the border, but deny Anibowei's characterization of these quotations from the 2018 directive.  Defendants deny all other allegations in paragraph 57 of Anibowei's second amended complaint.

58.     Defendants admit all allegations in paragraph 58 of Anibowei's second amended complaint, with the clarification that before an advanced search can be performed, the officer must receive appropriate supervisory approval.

59.     Defendants admit that the 2018 CBP directive explains that there are many factors that could create reasonable suspicion or constitute a national security concern, and that the quotation Anibowei provides from the 2018 CBP directive in this paragraph

is an accurate copy of the directive's language, but deny Anibowei's characterization of the quotation. Defendants deny all other allegations in paragraph 59 of Anibowei's second amended complaint.

60.     Defendants deny all allegations in paragraph 60 of Anibowei's second amended complaint.

61.     Defendants admit that the quotations Anibowei provides from the 2018 CBP directive in this paragraph are an accurate copy of the directive's language, and that officers may request (not "require") an individual's passcode or other means of access, but deny Anibowei's characterization of these quotations. Defendants deny all other allegations in paragraph 61 of Anibowei's second amended complaint.

62.     Defendants admit that the 2018 CBP directive indicates that "[s]earches of electronic devices should be conducted in the presence of the individual whose information is being examined, unless there are national security, law enforcement, officer safety, or other operational considerations that would make it inappropriate to allow the individual to remain present." Defendants deny all other allegations in paragraph 62 of Anibowei's second amended complaint.

63.     Defendants admit that the 2018 CBP directive authorizes officers to detain electronic devices and information copied from them for a brief, reasonable period of time and may detain a device after the individual has departed from the port of entry with supervisory approval, but deny Anibowei's characterization of the 2018 directive. Defendants further admit that detention of devices should ordinarily not exceed five days, and that any detention in excess of five days can occur in extenuating circumstances

when approved repeatedly by a manager (and at escalating levels of agency management). Defendants deny all other allegations in paragraph 63 of Anibowei's second amended complaint.

64.      Defendants admit that, unless further retention is otherwise authorized, the 2018 CBP directive requires the detained electronic device to be returned and any information copies from the device to be destroyed within no more than seven days of determining that there is no probable cause to seize the device or information contained therein, but deny Anibowei's characterization of the directive. Defendants deny all other allegations in paragraph 64 of Anibowei's second amended complaint.

65.      Defendants admit all allegations in paragraph 65 of Anibowei's second amended complaint.

66.      Defendants deny all allegations in paragraph 66 of Anibowei's second amended complaint.

67.      Defendants admit all allegations in paragraph 67 of Anibowei's second amended complaint.

68.      Defendants admit that, in certain circumstances where notification would impair national security, law enforcement, officer safety, or other operational interests, an individual subject to search is not required to be notified that his electronic device or information contained therein has been provided to another federal agency for assistance. Defendants deny all other allegations in paragraph 68 of Anibowei's second amended complaint.

69.      Defendants admit that the quotations Anibowei provides from the 2018

CBP directive in this paragraph are an accurate copy of the directive's language, but deny Anibowei's characterization of these quotations.  Defendants deny all other allegations in paragraph 69 of Anibowei's second amended complaint.

70.     Defendants admit that the quotations Anibowei provides from the 2018 CBP directive in this paragraph are an accurate copy of the directive's language, but deny Anibowei's characterization of these quotations.  Defendants deny all other allegations in paragraph 70 of Anibowei's second amended complaint.

71.     Defendants admit all allegations in paragraph 71 of Anibowei's second amended complaint.

72.     Defendants deny all allegations in paragraph 72 of Anibowei's second amended complaint.

73.     Defendants deny all allegations in paragraph 73 of Anibowei's second amended complaint.

**C.     The Law of Electronic-Device Searches**

74.     Defendants deny all allegations in paragraph 74 of Anibowei's second amended complaint.

75.     Defendants admit that in *Riley v. California*, 573 U.S. 373 (2004), the Supreme Court held that the search incident to arrest exception, which generally allows for a warrantless search of an individual at the time of arrest, does not apply to the search of a cell phone seized incident to an arrest.  573 U.S. at 381-85, 401.  Defendants deny all other allegations in paragraph 75 of Anibowei's second amended complaint.

76.     Defendants admit that in *Riley*, the Supreme Court applied the traditional

balancing test for warrant requirements, and concluded that the balance of equities favored requiring a warrant for a search of a cell phone incident to an arrest, but deny the implication that the Supreme Court's opinion in *Riley* addresses the search of electronic devices at the border or otherwise apply to this case.  Defendants deny all other allegations in paragraph 76 of Anibowei's second amended complaint.

77.     Defendants admit that the citations to *United States v. Zavala*, 541 F.3d 562 (5th Cir. 2008), *United States v. Heckenkamp*, 482 F.3d 1142 (9th Cir. 2007), and *United States v. Buckner*, 473 F.3d 551 (4th Cir. 2007), are correct and that these cases stand for the propositions cited in paragraph 77 of Anibowei's second amended complaint, but deny the allegations to the extent they imply that these cases address the search of cell phones at the border or otherwise apply to this case.  Defendants deny all other allegations in paragraph 77 of Anibowei's second amended complaint.

78.     Defendants admit that the citations to and quotations from *United States v. Jones*, 565 U.S. 400 (2012), and *United States v. Ackerman*, 831 F.3d 1292 (10th Cir. 2016), are correct, but deny the allegations in paragraph 78 of Anibowei's second amended complaint to the extent they imply that these cases address the search of cell phones at the border or otherwise apply to this case.  Defendants deny all other allegations in paragraph 78 of Anibowei's second amended complaint.

79.     Defendants admit that the citations to and quotations from *Carpenter v. United States*, 138 S. Ct. 2206 (2018) (with the clarification that the applicable page numbers in the Supreme Court's opinion are pages 2221-23), and *United States v. Warshak*, 831 F.3d 1292 (10th Cir. 2016), are correct, but deny the allegations in

paragraph 79 of Anibowei's second amended complaint to the extent they imply that these cases address the search of cell phones at the border or otherwise apply to this case. Defendants deny all other allegations in paragraph 79 of Anibowei's second amended complaint.

80.     Defendants admit that the citations to and quotations from *Riley*, 573 U.S. 373 (2014) and *Missouri v. McNeely*, 569 U.S. 141 (2013), are correct, but deny the allegations in paragraph 80 of Anibowei's second amended complaint to the extent they imply that these cases address the search of cell phones at the border or otherwise apply to this case.  Defendants deny all other allegations in paragraph 80 of Anibowei's second amended complaint.

## FACTUAL ALLEGATIONS

**A.    Mr. Anibowei Begins Receiving Intense Scrutiny at the Airport, and is Removed Without Notice from CBP's Global Entry Trusted Traveler Program**

81.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 of Anibowei's second amended complaint, and therefore deny all allegations in paragraph 81 of Anibowei's second amended complaint.

82.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 of Anibowei's second amended complaint, and therefore deny all allegations in paragraph 82 of Anibowei's second amended complaint.

83.     Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 83 of Anibowei's second amended complaint,
and therefore deny all allegations in paragraph 83 of Anibowei's second amended
complaint.

84.     Defendants admit that the USCIS Policy Manual can be found at the web
address in footnote 11 of paragraph 84 of Anibowei's second amended complaint, and
that there are security check requirements for individuals to become naturalized U.S.
citizens.  As Defendants do not administer or manage the naturalization process,
Defendants lack knowledge or information sufficient to form a belief about the truth of
the remaining allegations in paragraph 84 of Anibowei's second amended complaint, and
therefore deny all allegations in paragraph 84 of Anibowei's second amended complaint.

85.     Defendants lack knowledge or information sufficient to form a belief about
the truth of the allegations in paragraph 85 of Anibowei's second amended complaint,
and therefore deny all allegations in paragraph 85 of Anibowei's second amended
complaint.

86.     Defendants admit that Anibowei's application for enrollment in CBP's
Global Entry Trusted Traveler Program was approved on November 1, 2012.  Defendants
further admit that applicants to the Global Entry Trusted Traveler Program must complete
a thorough background check and complete an in-person interview with a security
officer.  Defendants lack knowledge or information sufficient to form a belief about the
truth of the allegations in paragraph 86 of Anibowei's second amended complaint
regarding why Anibowei applied for membership in the Global Entry Trusted Traveler
Program, and therefore deny the remaining allegations in paragraph 86 of Anibowei's

second amended complaint.

87.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87 of Anibowei's second amended complaint, and therefore deny all allegations in paragraph 87 of Anibowei's second amended complaint.

88.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88 of Anibowei's second amended complaint, and therefore deny all allegations in paragraph 88 of Anibowei's second amended complaint.

89.    Defendants admit that Anibowei was referred for secondary screening on several occasions, but lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 of Anibowei's second amended complaint regarding the timing of these secondary screenings, and therefore deny these allegations. Defendants also lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 89 of Anibowei's second amended complaint, and therefore deny all remaining allegations in paragraph 89 of Anibowei's second amended complaint.

90.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 of Anibowei's second amended complaint regarding Anibowei's belief as to why he was "flagged for routine additional screening," and therefore deny all allegations in paragraph 90 of Anibowei's second amended complaint.

91.    Defendants deny all allegations in paragraph 91 of Anibowei's second amended complaint.

92.    Defendants deny all allegations in paragraph 92 of Anibowei's second amended complaint.

93.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93 of Anibowei's second amended complaint regarding why the Canadian Border Services Agency questioned Anibowei, and therefore deny all allegations in paragraph 93 of Anibowei's second amended complaint.

94.    Defendants admit that Anibowei's membership in the Global Entry Trusted Traveler Program was revoked on March 7, 2015, and that Anibowei would have been able to download a revocation notice from the Global Online Enrollment System website maintained by CBP.  Defendants further admit that Anibowei may not have received a separate hard-copy letter via U.S. mail notifying him of the Global Entry revocation, as the Global Entry online system automatically sends an email notification to the email address provided by a member on his Global Entry application when a membership is revoked.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94 of Anibowei's second amended complaint regarding what allegedly occurred when Anibowei attempted to use a Global Entry kiosk when reentering the United States on May 12, 2015, and therefore deny these allegations. Defendants deny all remaining allegations in paragraph 94 of Anibowei's second amended complaint.

95.    Defendants admit that the CBP Ombudsman sent a letter to Anibowei dated

March 11, 2016 regarding his request for reconsideration of his revocation from the

Global Entry Trusted Traveler Program, and that the letter indicated Anibowei did not

meet the Program's eligibility requirements.  Defendants lack knowledge or information

sufficient to form a belief about the truth of the remaining allegations in paragraph 95 of

Anibowei's second amended complaint regarding Anibowei's additional alleged requests

for reconsideration, and therefore deny all allegations in paragraph 95 of Anibowei's

second amended complaint.

96.    Defendants admit all allegations in paragraph 96 of Anibowei's second

amended complaint (with a correction to the alleged Redress Request control number,

which was #2232473).

**B.    Mr. Anibowei's Cell Phone is Copied by CBP, and Subjected to a Search on No Fewer Than Five Occasions**

97.    Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 97 of Anibowei's second amended complaint

regarding Anibowei's beliefs or behavior regarding his return travels to the United States,

and therefore deny all allegations in paragraph 97 of Anibowei's second amended

complaint.

98.    Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 98 of Anibowei's second amended complaint

regarding the reason for Anibowei's travel on October 10, 2016, or statements made by

the airplane pilot on that flight, and therefore deny all allegations in paragraph 98 of

Anibowei's second amended complaint.

99.    Defendants admit that on October 10, 2016, Anibowei underwent a secondary inspection upon his return to the United States.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 99 of Anibowei's second amended complaint regarding Anibowei's feelings regarding this incident, and therefore deny these allegations.  Defendants deny all remaining allegations in paragraph 99 of Anibowei's second amended complaint.

100.    Defendants admit that, on October 10, 2016, Anibowei underwent a secondary inspection upon his return to the United States, and that law enforcement officers at Dallas-Fort Worth Airport detained Anibowei's cell phone and conducted a search of the contents of the device.  Defendants deny all other allegations in paragraph 100 of Anibowei's second amended complaint.

101.    Defendants admit that Anibowei was provided an electronic media tear sheet explaining CBP's authority to conduct a search of electronic devices at the border and the available options for the individual to retrieve his electronic device after the search was completed.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 of Anibowei's second amended complaint regarding Anibowei's comments to the officers, and therefore deny all remaining allegations in paragraph 101 of Anibowei's second amended complaint.

102.    Defendants admit the allegations in paragraph 102 of Anibowei's second amended complaint that the officers returned Anibowei's phone to him about thirty minutes after they temporarily detained it for purposes of a border inspection.

103.    Defendants lack knowledge or information sufficient to form a belief about

the truth of the allegations in paragraph 103 of Anibowei's second amended complaint regarding how Anibowei used the cell phone that was searched on October 10, 2016, and therefore deny all allegations in paragraph 103 of Anibowei's second amended complaint.

104.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104 of Anibowei's second amended complaint regarding Anibowei's emotions regarding the seizure, and therefore deny all such allegations in paragraph 104 of Anibowei's second amended complaint. Defendants deny all other allegations in paragraph 104 of Anibowei's second amended complaint.

105.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105 of Anibowei's second amended complaint regarding any changes in Anibowei's actions after the search and Anibowei's beliefs regarding the search, and therefore deny all allegations in paragraph 105 of Anibowei's second amended complaint.

106.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106 of Anibowei's second amended complaint regarding any changes in Anibowei's actions after the search and what information is accessible from Anibowei's personal cell phone, and therefore deny all allegations in paragraph 106 of Anibowei's second amended complaint.

107.   Defendants admit the allegations in paragraph 107 of Anibowei's second amended complaint that Anibowei's phone has been searched on several occasions by federal law enforcement officers.

108.    Defendants admit that Anibowei underwent secondary inspection upon his return to the United States, where a CBP officer searched Anibowei's three pieces of luggage for 15 minutes and may have performed a basic search on his phone, but clarify that the search occurred on February 27, 2017.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 108 of Anibowei's second amended complaint regarding Anibowei's beliefs about what the officer may have viewed on the phone or what information may have been accessible at that time on the phone, and therefore deny remaining allegations in paragraph 108 of Anibowei's second amended complaint.

109.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109 of Anibowei's second amended complaint regarding Anibowei's beliefs regarding the border searches of his electronic devices, and therefore deny all allegations in paragraph 109 of Anibowei's second amended complaint.

110.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110 of Anibowei's second amended complaint regarding Anibowei's fears regarding the searches, and therefore deny all allegations in paragraph 110 of Anibowei's second amended complaint.

111.    Defendants deny all allegations in paragraph 111 of Anibowei's second amended complaint.

112.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112 of Anibowei's second amended complaint

regarding Anibowei's future travel plans, and therefore deny all allegations in paragraph 112 of Anibowei's second amended complaint.

113.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113 of Anibowei's second amended complaint regarding Anibowei's beliefs regarding potential future searches of his electronic devices, and therefore deny all allegations in paragraph 113 of Anibowei's second amended complaint.

## FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

114.    Defendants admit all allegations in paragraph 114 of Anibowei's second amended complaint.

115.    Defendants deny all allegations in paragraph 115 of Anibowei's second amended complaint.

116.    Defendants admit that, to the best of their knowledge and belief, Anibowei has traveled across the United States border with a cell phone on at least five occasions. Defendants deny all other allegations in paragraph 116 of Anibowei's second amended complaint.

117.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117 of Anibowei's second amended complaint regarding Anibowei's fear of potential future searches, and therefore deny all allegations in paragraph 117 of Anibowei's second amended complaint.

118.    Defendants deny all allegations in paragraph 118 of Anibowei's second amended complaint.

119.    Defendants deny all allegations in paragraph 119 of Anibowei's second amended complaint.

120.    Defendants deny all allegations in paragraph 120 of Anibowei's second amended complaint.

121.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121 of Anibowei's second amended complaint regarding how Anibowei uses his cell phone, and therefore deny all allegations in paragraph 121 of Anibowei's second amended complaint.

122.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122 of Anibowei's second amended complaint regarding how Anibowei uses his cell phone, and therefore deny all allegations in paragraph 122 of Anibowei's second amended complaint.

123.    Defendants deny all allegations in paragraph 123 of Anibowei's second amended complaint.

124.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124 of Anibowei's second amended complaint regarding how Anibowei's emotions regarding the prior searches of his cell phone, and therefore deny all allegations in paragraph 124 of Anibowei's second amended complaint.

125.    Defendants admit that they developed the CBP and ICE directives at issue in this case, and that the agencies' officers are required to comply with these directives when performing a border search of an electronic device.  Defendants deny all allegations

in paragraph 125 of Anibowei's second amended complaint to the extent they imply that these actions were in any way improper or unconstitutional.

126.    Defendants deny all allegations in paragraph 126 of Anibowei's second amended complaint.

127.    Defendants deny all allegations in paragraph 127 of Anibowei's second amended complaint.

128.    Defendants deny all allegations in paragraph 128 of Anibowei's second amended complaint.

## CLAIMS FOR RELIEF

### COUNT I
### FIRST AMENDMENT

129.    Paragraph 129 of Anibowei's second amended complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny all allegations in paragraph 129 of Anibowei's second amended complaint.

130.    Defendants deny all allegations in paragraph 130 of Anibowei's second amended complaint.

131.    Defendants deny all allegations in paragraph 131 of Anibowei's second amended complaint.

132.    Defendants deny all allegations in paragraph 132 of Anibowei's second amended complaint.

133.    Defendants deny all allegations in paragraph 133 of Anibowei's second

amended complaint.

## COUNT II
## FOURTH AMENDMENT
### (Unlawful Search of Electronic Devices)

134.    Paragraph 134 of Anibowei's second amended complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny all allegations in paragraph 134 of Anibowei's second amended complaint.

135.    Defendants deny all allegations in paragraph 135 of Anibowei's second amended complaint.

136.    Defendants deny all allegations in paragraph 136 of Anibowei's second amended complaint.

137.    Defendants deny all allegations in paragraph 137 of Anibowei's second amended complaint.

138.    Defendants deny all allegations in paragraph 138 of Anibowei's second amended complaint.

139.    Defendants deny all allegations in paragraph 139 of Anibowei's second amended complaint.

140.    Defendants deny all allegations in paragraph 140 of Anibowei's second amended complaint.

## COUNT III
## FOURTH AMENDMENT
### (Unlawful Search of Communications)

141.    Paragraph 141 of Anibowei's second amended complaint consists of legal

conclusions to which no response is required.  To the extent a response is required, Defendants deny all allegations in paragraph 141 of Anibowei's second amended complaint.

142.   Defendants deny all allegations in paragraph 142 of Anibowei's second amended complaint.

143.   Defendants deny all allegations in paragraph 143 of Anibowei's second amended complaint.

144.   Defendants deny all allegations in paragraph 144 of Anibowei's second amended complaint.

145.   Defendants deny all allegations in paragraph 145 of Anibowei's second amended complaint.

146.   Defendants deny all allegations in paragraph 146 of Anibowei's second amended complaint.

147.   Defendants deny all allegations in paragraph 147 of Anibowei's second amended complaint.

**COUNT IV**
**FOURTH AMENDMENT**
**(Unlawful Seizure of Devices)**

148.   Paragraph 148 of Anibowei's second amended complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny all allegations in paragraph 148 of Anibowei's second amended complaint.

149.   Defendants deny all allegations in paragraph 149 of Anibowei's second

amended complaint.

150.    Defendants deny all allegations in paragraph 150 of Anibowei's second amended complaint.

151.    Defendants deny all allegations in paragraph 151 of Anibowei's second amended complaint.

152.    Defendants deny all allegations in paragraph 152 of Anibowei's second amended complaint.

## COUNT V
## FOURTH AMENDMENT
### (Unlawful Seizure of Data)

153.    Paragraph 153 of Anibowei's second amended complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny all allegations in paragraph 153 of Anibowei's second amended complaint.

154.    Defendants deny all allegations in paragraph 154 of Anibowei's second amended complaint.

155.    Defendants deny all allegations in paragraph 155 of Anibowei's second amended complaint.

156.    Defendants deny all allegations in paragraph 156 of Anibowei's second amended complaint.

## COUNT VI
## ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706
### (Agency Policies)

157.    Paragraph 157 of Anibowei's second amended complaint consists of legal

conclusions to which no response is required.  To the extent a response is required, Defendants deny all allegations in paragraph 157 of Anibowei's second amended complaint.

158.    Defendants admit all allegations in paragraph 158 of Anibowei's second amended complaint.

159.    Defendants deny all allegations in paragraph 159 of Anibowei's second amended complaint.

160.    Defendants deny all allegations in paragraph 160 of Anibowei's second amended complaint.

## COUNT VI I
## ADMINISTRATIVE PROCEDURE ACT, 5 U.S.C. § 706
### (Global Entry)

161.    Paragraph 161 of Anibowei's second amended complaint consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny all allegations in paragraph 161 of Anibowei's second amended complaint.

162.    Defendants admit all allegations in paragraph 162 of Anibowei's second amended complaint.

163.    Defendants admit all allegations in paragraph 163 of Anibowei's second amended complaint.

164.    Defendants deny all allegations in paragraph 164 of Anibowei's second amended complaint.

## PRAYER FOR RELIEF

This unnumbered section of Anibowei's second amended complaint contains a prayer for relief to which no response is required.  Insofar as the allegations in this paragraph, including all subparagraphs, may be construed as containing allegations of fact, Defendants deny the same.

## GENERAL DENIAL

Any allegation contained in Anibowei's second amended complaint that has not been specifically and expressly admitted or explained by the Defendants herein is hereby denied.

### Defenses

As separate and complete defenses hereto, and without waiving any of the above, the Defendants offer the following defenses:

First Defense

Anibowei's second amended complaint fails, in whole or in part, to state a claim upon which relief can be granted.

Second Defense

Anibowei's second amended complaint fails to demonstrate that this Court has jurisdiction over his claims.

Third Defense

Anibowei failed to exhaust his administrative remedies to the extent he did not give fair notice of specific problems that form the basis of this suit, and failed to exhaust all available remedies for the claims raised in this suit.

### Fourth Defense

Anibowei's claims are barred in whole or in part by sovereign immunity.

### Fifth Defense

Anibowei's claims are barred because the Defendants' decisions were not arbitrary, capricious, contrary to law, or an abuse of discretion, and were supported with substantial evidence.

### Sixth Defense

Anibowei's second amended complaint does not implicate final agency actions subject to judicial review under the Administrative Procedures Act.

### Seventh Defense

To the extent that federal common law or statutory law governing this type of action limits Anibowei's causes of action, damages, or recoveries or the Defendants' liability, such laws and limitations apply in this case to the extent consistent with the Administrative Procedures Act.

### Eighth Defense

Attorneys' fees may not exceed the percentages specified in 28 U.S.C. § 2678.

### Ninth Defense

Anibowei is not entitled to an award of costs except as provided for by 28 U.S.C. § 2412.

### Tenth Defense

Defendants specifically preserve any and all other defenses, not currently known, which through discovery may become applicable.

**Prayer for Relief**

Having fully answered Anibowei's second amended complaint, Defendants Acting

Secretary of Homeland Security Chad Wolf, Acting Commissioner of CBP Mark A.

Morgan, Acting Director of ICE Matthew T. Albence, Attorney General William P. Barr,

DHS, CBP, and ICE respectfully request that judgment be granted in their favor

dismissing Anibowei's second amended complaint with prejudice, with Anibowei to bear

the costs of defending this litigation, and for such other relief to which the Defendants are

justly entitled.


Respectfully submitted,


ERIN NEALY COX
United States Attorney

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8730
Facsimile:   214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants Chad Wolf,
Mark A. Morgan, Matthew T. Albence,
William P. Barr, DHS, CBP, and ICE

## <u>CERTIFICATE OF SERVICE</u>

On January 28, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

<i>/s/ Sarah E. Delaney</i><br>
Sarah E. Delaney<br>
Assistant United States Attorney