IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEORGE ANIBOWEI,<br><br>*Plaintiff*,<br><br>v.<br><br>MARK A. MORGAN, Acting Commissioner of U.S. Customs and Border Protection, in his official capacity; WILLIAM P. BARR, U. S. ATTORNEY GENERAL; CHAD F. WOLF, ACTING SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; MATTHEW T. ALBENCE, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity; DAVID P. PEKOSKE, Administrator of the Transportation Security Administration, in his official capacity; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; TRANSPORTATION SECURITY ADMINISTRATION,<br><br>*Defendants*. | Case No. 3:16-cv-03495-D |

**PROPOSED SCHEDULES FOR FURTHER PROCEEDINGS**

Undersigned counsel for Plaintiff and Defendants have conferred and were unable to reach agreement on a proposed schedule for further proceedings in this case. Accordingly, the parties set forth their respective scheduling proposals below.

**Plaintiff's Proposal:** Plaintiff believes that this case should move to discovery so that the case can proceed to final judgment on the merits.

A stay of proceedings is unwarranted. A stay would harm Plaintiff by further delaying him from receiving the relief he seeks in this lawsuit. "Simply filing an appeal does not compel a district court to stay proceedings pending the appeal's resolution." *Vine v. PLS Financial*

*Servs.,* No. 4:18-CV-00450, 2019 WL 4257108, at *3 (E.D. Tex. Sep. 9, 2019). Indeed, stays pending interlocutory appeals are disfavored. *See* David G. Knibb, Fed. Court of Appeals Manual § 5:6 (6th ed. 2018) (discussing § 1292(b) appeals). "The presumption is against a stay, and even if one is ordered, it may be limited to matters that could interfere with the appeal." *Id.* "By requiring that a stay be specifically ordered, Congress intended to avoid unnecessary delays." *Id.* (citing S. Rep. No. 85-2434, 1958 WL 3723 (1958)). "Federal courts," after all, "have a virtually unflagging obligation . . . to exercise the jurisdiction given them." *Aptim Corp. v. McCall*, 888 F.3d 129, 135 (5th Cir. 2018) (quotations omitted). Courts of appeals "have repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018).

Several factors counsel against staying proceedings here, including: (1) the interest in judicial economy; (2) the hardship to the nonmoving party if the action is stayed; and (3) absence of damage or prejudice to the moving party if the action is permitted to proceed. The movant bears the burden of showing that a stay is warranted. *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011). Where "there is even a fair possibility that the stay . . . will work damage to some else," the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "A stay is not a matter of right, even if irreparable injury might result otherwise. It is instead an exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009).

The balance of stay factors tips in Plaintiff's favor in this case. A stay pending appeal of this Court's preliminary injunction decision is unnecessary and would "work damage" to Mr.

Anibowei by delaying the relief he seeks—namely, his ability to enter the United States without his phone being subjected to a warrantless search. In contrast, there is no harm to the Government in allowing this case to proceed. This case will need to proceed to the merits regardless of how the appeal is resolved, and thus a stay will only cause needless delay.

Plaintiff believes that the Court should set a date for Defendants' to file the administrative record (with respect to Plaintiff's Global Entry claim) and permit Plaintiff to conduct limited discovery for the purposes of establishing his Fourth Amendment claim. In particular, Plaintiff proposes the following schedule:

| Action | Date |
|---|---|
| Plaintiffs Submit Requests for Admission to Determine Whether Searches Were Conducted Without Reasonable Suspicion | March 15, 2020 |
| Defendants Respond to Requests for Admission | May 1, 2020 |
| Filing of the Administrative Record Regarding Basis for Global Entry Revocation | May 1, 2020 |
| Parties File Joint Status Report and Scheduling Order For Further Discovery (if necessary) or to Set a Schedule for Summary Judgment Briefing on Remaining Claims | May 15, 2020 |
| [If Necessary] Plaintiffs Submit Up to 15 Interrogatories to Determine Whether Searches Were Conducted With Reasonable Suspicion | June 1, 2020 |
| [If Necessary] Defendants Respond to Interrogatories | July 15, 2020 |
| Parties File Joint Status Report and Scheduling Order For Further Discovery (if necessary) or to Set a Schedule for Summary Judgment Briefing on Remaining Claims | August 1, 2020 |

The approach above is the simplest and most efficient way to move this case forward at this juncture and the discovery sought is proportionate to the needs of the case. The proposed schedule permits the parties to move the case to a position where the parties can finally resolve it

on the merits, but also leaves open the possibility that the parties could agree to stay aspects of the case later to permit the court of appeals to resolve the interlocutory appeal.

Plaintiff respectfully requests the opportunity to brief the stay issue more fully if the Court is inclined to stay the case.

**Defendants' Proposal:** Defendants believe a stay and an administrative closure of this action while the interlocutory appeal is pending before the United States Court of Appeals for the Fifth Circuit would be in the interests of both judicial economy and the broader public, while resulting in limited, if any, harm to the parties.

In determining whether to grant a stay pending an appeal, a court must evaluate (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) that the applicant would be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). The Fifth Circuit has "refused to apply these factors in a rigid, mechanical fashion." *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983). Instead, the movant "need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting a stay." *Campaign for S. Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981)).

**Defendants are likely to succeed on the merits of the appeal**

Defendants are likely to succeed on the merits of Anibowei's appeal of the Court's interlocutory denial of his motion for a preliminary injunction, for all the reasons laid out in the Defendants' response to Anibowei's motion for partial summary judgment or, in the alternative, a preliminary injunction (Doc. 78 (response to motion), Doc. 79 (brief in support of response to

motion)), and raised by Defendants at the January 13, 2020 hearing on Anibowei's motion. Anibowei has failed to demonstrate the necessary elements for injunctive relief, as he did not establish a substantial likelihood of success on the merits of his underlying claims as he has not pled any viable claims against Defendants; he failed to establish a substantial threat of irreparable injury as he provided no information to demonstrate his alleged injuries had or would ever occur; the balance of harm weighed in favor of Defendants given the significant administrative and national security burdens if an injunction were granted; and granting an injunction would not serve the public interest given the harm to Defendants and the necessity of other federal branches addressing the issue, rather than the courts. (*See* Doc. 79 at 24-30.) For these same reasons, Defendants anticipate they are likely to succeed on the appeal of this issue.

## **Defendants (and potentially Anibowei) would be irreparably injured absent a stay**

Although Defendants believe the Court's order denying the preliminary injunction will be upheld, this may ultimately depend upon the scope of the Fifth Circuit's order regarding the interlocutory appeal. There is a possibility that the Fifth Circuit may address issues in the case beyond the requested injunctive relief. When a party appeals from an interlocutory injunctive order, the appellate court's review can include, when appropriate, more than just the matter which supplied the appellate jurisdiction. *See Mercury Motor Express, Inc. v. Brinke*, 475 F.2d 1086, 1091 (5th Cir. 1973); *see also Cardoni v. Prosperity Bank*, 805 F.3d 573, 579 (5th Cir. 2015) ("That jurisdiction [over orders denying a request for a preliminary injunction] extends to other rulings that are inextricably intertwined with the injunction rulings.")

Depending upon the issues addressed in the Fifth Circuit order, it could moot claims currently before this Court. As a result, both parties could be harmed by engaging in discovery on these potentially-mooted claims. It would expend unnecessary resources by both parties, but

more importantly, could require the production or disclosure of sensitive information from both parties. This is particularly problematic given the allegations at issue in this case, which touch on Defendants' activities at border locations nationwide regarding national security and law enforcement issues, and Anibowei's allegedly-privileged and confidential personal and client information. Unnecessary discovery on these issues is unwarranted, and could be significantly avoided by a short stay pending the interlocutory appeal.

### Anibowei would not face significant harm if a stay is granted

Anibowei asserts that if this case is stayed, he would be harmed because the relief he seeks would be delayed. But his relief is *already* going to be delayed until the Fifth Circuit rules on his interlocutory appeal (or perhaps longer, if the matter is remanded to the district court for further evaluation). Additionally, as the interlocutory appeal is entitled to calendaring priority before the Court of Appeals as an action for preliminary injunctive relief (see 5th Cir. R. 47.7), it is unlikely that any stay will be lengthy. Further, the possibility that Anibowei's claims could be partially resolved or even mooted by the Fifth Circuit's ruling means any delay in the district court case could be irrelevant. Thus, a short delay of the case if a stay is granted is unlikely to substantially injure Anibowei. *See Nken*, 556 U.S. at 434.

### The public interest weighs in favor of granting a stay

Finally, the public interest weighs in favor of granting a stay, as a stay would preserve judicial economy and avoid conflicting court orders. As explained above, depending upon the scope of its order, the Fifth Circuit could moot claims in this action. However, in the interim, the Court could issue either additional interlocutory orders or even a final judgment that could be in conflict with the Fifth Circuit's ultimate order. Even if no conflicting orders are issued, it would

still duplicate judicial resources to have both the district court and the court of appeals addressing many of the same issues at the same time.

Defendants also anticipate that there will be litigation regarding the scope of discovery available in this action, given the sensitive nature of the claims and the potential implications for Defendants' programmatic activities. If the parties engage in discovery-related litigation, this would expend significant judicial resources—and any such litigation could become irrelevant depending upon the Fifth Circuit's ruling.

\*   \*   \*

Defendants have a strong likelihood of success on the appeal, both the interlocutory appeal and the overall case involve serious legal questions, and the balance of equities demonstrate that a stay is appropriate to preserve judicial economy and prevent harm to the parties. *Ruiz*, 650 F.2d at 565. Therefore, in lieu of issuing a revised scheduling order at this time, Defendants respectfully request that the Court issue a stay and administratively close this action pending the interlocutory appeal. As both parties have addressed Defendants' requested stay in this filing, Defendants do not plan to file a separate motion for a stay, but are amenable to doing so to the extent the Court would like additional briefing on the proposed stay.

Dated: March 2, 2020 Respectfully submitted,

By: */s/ Andrew Tutt*            ERIN NEALY COX
    Andrew Tutt (*pro hac vice*)           United States Attorney
    Robert Stanton Jones (*pro hac vice*)
    Stephen K. Wirth (*pro hac vice*)       */s/ Sarah E. Delaney*
    Sam Callahan (*pro hac vice*)          Sarah E. Delaney
    Graham W. White (*pro hac vice*)      Assistant United States Attorney
    Jayce Lane Born (*pro hac vice*)       Arizona Bar No. 031722
    ARNOLD & PORTER KAYE          1100 Commerce Street, Third Floor
    SCHOLER LLP                           Dallas, Texas 75242-1699
    601 Massachusetts Ave., NW         (214) 659-8730
    Washington, DC 20001               (214) 659-8807 (fax)
    (202) 942-5000                         sarah.delaney@usdoj.gov
    (202) 942-5999 (fax)
    andrew.tutt@arnoldporter.com        *Attorneys for Defendants*

    Hani Mirza (State Bar No. 24083512)
    TEXAS CIVIL RIGHTS PROJECT
    1412 Main St., Suite 608
    Dallas, Texas 75202
    (972) 333-9200 ext. 171
    (972) 957-7867 (fax)
    hani@texascivilrightsproject.org

    Mimi Marziani (pro hac vice)
      (State Bar No. 24091906)
    Peter Steffensen (*pro hac vice*)
      (State Bar No. 24106464)
    TEXAS CIVIL RIGHTS PROJECT
    405 Main Street, Suite 716
    Houston, Texas 77002
    (832) 767-3650
    (832) 554-9981 (fax)
    mimi@texascivilrightsproject.org

    *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

                                      */s/ Andrew Tutt*
                                      Andrew Tutt
                                      601 Massachusetts Ave., NW
                                      Washington, DC 20001
                                      (202) 942-5000
                                      andrew.tutt@arnoldporter.com